[Sac. No. 2460. Department Two.—December 28, 1917.]

CHARLES GRAHAM, Respondent, v. W. F. MIXON, Appellant.

PLACE OF TRIAL—LIBEL—INJURY TO PERSON.—An action for a libel published in a newspaper is not an "injury to person" contemplated by section 395 of the Code of Civil Procedure, and is therefore triable in the county in which the defendants or some of them reside, and not against the defendant's protest, in any county in which the newspaper may circulate.

APPEAL from an order of the Superior Court of Sacramento County denying a motion for a change of venue. Charles O. Busick, Judge.

The facts are stated in the opinion of the court.

Arthur C. Huston, and Hurst & Hurst, for Appellant.

J. M. Inman, and Ralph W. Smith, for Respondent.

MELVIN, J.—Plaintiff, who resides in Sacramento County, brought an action for libel against defendants, who live in Yolo County and there publish "The Mail of Woodland." This newspaper, in which, according to the complaint, the alleged libel was published, is circulated and read in Sacramento County, according to the averments of said complaint.

Defendants moved for a change of the place of trial to the county of their residence, which, they say, is the only proper place of trial. If this contention be correct, they were entitled to the order which they sought. (Code Civ. Proc., sec. 397.) The motion was denied upon the sole ground that

an action for libel is one "for injury to person," and, therefore, under the provisions of section 395 of the Code of Civil Procedure as such section has stood since 1911, is triable in the county "where the injury occurs." The appeal is from the order denying defendant's motion.

In considering the meaning which the legislature intended to impart to the words "injury to person," it is legitimate and proper for us to contemplate the consequences which would follow any certain construction of those words. If the legislators intended to include "libel" under the general designation "injury to person," it would follow that a man of state-wide reputation for good citizenship would be injured in his person in each county in which a libelous article regarding him would be circulated, and might select any one of such counties as the place for the commencement of his action against the publisher. Each county would be, as to him, "the county where the injury occurs," within the purview of section 395 of the Code of Civil Procedure. On the other hand, the man of local reputation might suffer detriment only in the county or counties in which the attack upon his character would amount to an injury. There can be little doubt that the legislature contemplated no such result when using the expressions, "if it be an action for injury to person" and "in the county where the injury occurs."

Even if we say that the presumption of injury arises from the libelous publication, and that, therefore, there is no difference between the man of local and the one of general reputation in the matter of available places for libel suits, we are confronted with another inequality in the operation of the statute which surely was not intended by the lawmakers. If libel be an "injury to person," the victim has a broader field of action against the owner of a newspaper of general circulation publishing the libel than would be available to him if he should receive serious bodily hurt from the negligent operation of an automobile owned by a resident of a county other than the one in which the accident might occur. In the former case he might have as many places for the commencement of his action as there are counties in the state, while in the latter he would be limited to the county in which the accident occurred or that in which the owner of the motor car resided at the time of the infliction of the injury. We can think of no good reason why the legislature should so

broaden the venue of civil actions for libel while the constitution makes indictments found, or information laid, for publications in newspapers triable only in the counties where the publication offices of the newspapers are situated or in the counties where the parties libeled reside. (Const., art. I, sec. 9.) The purpose of this constitutional provision, as revealed by the debates of the constitutional convention, was, on the one hand, to prevent the dragging of a publisher the length of the state for trial on a charge of misdemeanor at the whim of the prosecutor, and, on the other, to permit a citizen who had been unjustly attacked by a newspaper to gain vindication in his own home. (*Older* v. *Superior Court,* 157 Cal. 770, [109 Pac. 478].) The same reasons apply with only slightly diminished force to the, proper venue of civil actions for damages on account of libel. Therefore, we ought to hesitate, unless compelled by the unequivocal force and significance of the language used, to attribute to the legislature the meaning for which respondent contends.

It is conceded by appellant (as indeed it must be) that an action such as the one prosecuted by plaintiff is one growing out of a violation of personal rights as distinguished from rights of property. Civil actions arise out of obligations or injuries. (Code Civ. Proc., sec. 25.) An obligation is due to a contract or to operation of law. (Code Civ. Proc., sec. 26.) Section 27 of the Code of Civil Procedure describes injuries as of two kinds; to the person and to property. Section 28 defines injury to property, and section 29 classifies every other injury as "an injury to the person." This is a very concise and convenient classification and one conforming to our simplified form of action, but because it exists in one part of one of the codes we are not therefore bound to say that wherever employed in any law the expression "injury to person" must be interpreted to mean every invasion of personal rights. In drawing statutes, legislators are sometimes unconsciously influenced by distinctions which prevailed under the highly technical practice of the common law; and at the common law, actions in tort were classified with reference to the physical or to the merely consequential injury to person or property. Professor William Carey Jones, in volume 2 of Modern American Law, at page 10, uses the following language: "Modern procedure has abolished forms of action, and technical questions of procedure have

lost their importance. Nevertheless the language of the old forms of action is still used, and the distinctions made therein are often useful if not necessary in determining the basis of liability in tort. It is, therefore, advisable to understand the distinction between the action of trespass and the action of trespass on the case, or, as it is more commonly called, case. Trespass was the action used for any wrongful and direct application of force, whether to the person or property. Case was a supplementary form of action, provided for all kinds of injury which did not amount to a trespass." He also quotes a passage, to the same effect, from *Leame* v. *Bray,* 3 East, 593, and concludes the introduction to his article on torts with the following sentences: "Where there is no physical interference with the person or property, then the action in tort is not trespass but case. For example, in deceit, malicious prosecution, or libel, the action employed is case." To the lawyer trained in the common law, therefore, there exists a distinction between actions for libel and those arising out of physical interference with the person. Perhaps this distinction was in the mind of the draftsman of the statute before us, and perhaps for this reason he and his colleagues who voted for its adoption had no thought of including libel within the category of actions for injuries to persons to which it was intended that section 395 of the Code of Civil Procedure should apply. Or, it may be that the lawmakers employed the words "injury to person" according to the general and approved usage (Civ. Code, sec. 13), and not in a special and technical sense, and by that expression intended the ordinary meaning, namely, "bodily injury." In either event, the true significance of the section would support appellant's contention. In discussing section 395 of the Code of Civil Procedure this court has held it to be constitutional, although it applied to bodily injuries and not to other invasions of personal rights, such as slander and libel. (*Gridley* v. *Fellows,* 166 Cal. 765, [138 Pac. 355].) The following quotations from the opinion prepared by Mr. Justice Shaw clearly indicate the views of the court in this regard. At page 769 of 166 Cal. [page 357 of 138 Pac.] the following language is used: "The sole question for consideration is whether causes of action for bodily injury or for injuries to property are so like in all respects to other causes of action, such as actions for slander or libel or actions on contract at

law or in equity, that no reasonable basis can be found for a provision allowing the former to be tried in the county where the injury occurred, which is not the residence of the defendant, which does not apply with equal force to the latter actions mentioned.'' On the same page we find this language: ''Actions to recover damages caused by bodily injuries, or by injuries to property, are well known as distinct classes of actions. They are each separately treated in the text-books of law. Each forms a distinct and well-known class with attributes and qualities of its own, and each is or has been affected and controlled to some extent by distinct and different rules of law, evidence, and procedure. They are so clearly distinguished from other actions that there is no difficulty in recognizing and classifying them. We think they are sufficiently distinguished by the probable interests and convenience of the parties and by considerations of public convenience and policy, not applying so strongly to other actions, to justify the legislature in providing, as it has, that the defendant shall not have the absolute right to demand that the cause be removed for trial to the county of his residence, in case it is not the county in which the injury occurred.'' This decision strongly supports appellant's position, because, as his counsel contend in their brief, if respondent's view were the correct one, this court would have held that the section did not violate the rule against special legislation because it embraced *all* personal actions, including libel. Instead, the holding was that it excluded libel and certain other actions but was founded, nevertheless, upon a proper classification.

In the later case of *Rains* v. *Diamond Match Co.,* 171 Cal. 326–328, [153 Pac. 239, 240], Mr. Justice Sloss, who wrote the opinion, said, regarding the amendment to section 395 of the Code of Civil Procedure, enacted in 1911: ''The change in the law was designed to enlarge the rights of plaintiffs by giving them a choice of two counties, where theretofore the defendant had enjoyed the right of trial in the county of his residence.''

It will thus be seen that this court has never regarded the section as one which applies, so far as actions for personal injuries are concerned, to any but those based upon physical lesions.

It is also to be remembered that although injuries are classified as injuries to property and injuries to the person (Code Civ. Proc., secs. 28, 29), causes are more elaborately differentiated in designating the classes of actions which may be united. Those for "injuries to character" and "injuries to person" are separately enumerated. (Code Civ. Proc., sec. 427.) It will thus be seen that in the code itself the expression "injuries to person" is not always used with the same broad significance as respondent would have us give to it, following section 29 of the Code of Civil Procedure.

We conclude that section 395 of the Code of Civil Procedure must be interpreted as not giving to a person against whom an alleged libel is published in a newspaper the right to maintain his action, against the defendant's protest, in any county in which the newspaper may circulate.

The order is reversed and the cause remanded for action by the superior court in accordance with the views expressed above.

Henshaw, J., and Victor E. Shaw, J., *pro tem.*, concurred.