[Civ. No. 4398.   Third Appellate District.—October 30, 1931.]

C. D. PLUM, Appellant, v. ALBERT P. NEWHART et al., Respondents.

C. D. Plum, *in pro. per.*, and John V. Filippini for Appellant.

Young, Hudson & Rabinowitz and M. C. Kerr for Respondents.

THOMPSON (R. L.), J.—This is an appeal from an order granting defendants' motion for a change of the place of trial for the convenience of witnesses pursuant to subdivision 3 of section 397 of the Code of Civil Procedure.

The plaintiff commenced this suit in Sacramento County, for damages for malicious prosecution. The defendants filed their answer together with an application for a change of venue to Plumas County for the convenience of witnesses. This proceeding was in due form. The plaintiff opposed this motion for a change of venue, and at the same time filed a counter-motion to retain the cause for trial in Sacramento County for the convenience of his witnesses. These motions were heard together. The defendants' motion for a change of venue to Plumas County was granted. From this order the plaintiff has appealed.

It does not appear there was an abuse of discretion on the part of the trial judge in granting this motion. This suit for malicious prosecution is founded on a charge of grand theft, of which crime the plaintiff was convicted in Plumas County in 1928. The judgment in that case was affirmed. (*People* v. *Plum,* 97 Cal. App. 253 [275 Pac. 518].) The affidavits of the defendants which were presented on this motion for a change of venue show the necessity and materiality of the presence of several officers of the justice's court where the criminal action was instituted, and of several officers of the superior court where the cause was tried in Plumas County, together with a number of other Plumas County witnesses. The affidavits also show the necessity for the presenting of the records of both of these courts upon the defense to this action. It is also alleged the defendants fully and fairly stated to the district attorney of Plumas County the facts upon which he instructed them there was probable cause to believe this plaintiff was guilty of the charge, and that these defendants relied upon his advice in that regard. The trial of this cause in Plumas County will undoubtedly convenience a large number of witnesses.

From the plaintiff's affidavits in the present proceeding, it appears a number of his witnesses will be convenienced by retaining the trial in Sacramento. It is, however, alleged that eight witnesses who live in Sacramento will testify the

previous reputation of the plaintiff in Sacramento for honesty was good, and that he was irreparably damaged by the wrongful prosecution and his conviction of grand theft. But it is not alleged these witnesses knew the plaintiff or his reputation in that community at the time of the alleged prosecution. No facts qualifying them as character witnesses are alleged. The affidavit is defective in this regard. The plaintiff further avers that a trial of the cause in Plumas County will inconvenience one of his witnesses who resides in Stockton, and several who live at San Francisco. All of these witnesses reside beyond the jurisdiction of the Sacramento court to compel their attendance by means of summons. It is not alleged that any of them will voluntarily attend court. So far as the affidavit is concerned, it may still be necessary to take the depositions of these witnesses. There is some conflict between the allegations of the respective parties on this proceeding.

The appellant contends that section 395 of the Code of Civil Procedure, which provides that the cause shall be tried "in the county where the injury occurs", if it be "an action for injury to person, or property", entitles him to retain the suit for trial in Sacramento because he was arrested in that county for the offense which furnishes the foundation for the action for malicious prosecution. This is not true. (16 Cal. Jur. 744, sec. 12.)

The injury to person or property above referred to is limited to the infliction of physical or bodily injury and does not include mere injury to reputation, business or personal feelings. (16 Cal. Jur. 744, sec. 12; *Monk* v. *Ehret,* 192 Cal. 186 [219 Pac. 452]; *Coley* v. *Hecker,* 206 Cal. 22, 27 [272 Pac. 1045]; *Mason* v. *Buck,* 99 Cal. App. 219 [278 Pac. 461]. No physical or personal injury is alleged to have been inflicted in the present action. The complaint merely charges that the plaintiff was injured socially and financially, and suffered great loss and injury to his business, his good name, his credit and his reputation. This does not entitle him to retain the action for trial in the county where his arrest occurred.

It appears from the entire record the trial court was abundantly warranted in granting the defendants' motion for a change of venue. At least, it does not appear there was

an abuse of discretion on the part of the trial judge in granting the motion.

The authorities are uniform to the effect that the determination of a motion for the change of place of trial of a cause upon the ground of convenience of witnesses rests largely in the discretion of the court to which the motion is addressed, and that such an order will not be disturbed except for a clear abuse of discretion. (*Scott* v. *Stuart*, 190 Cal. 526 [213 Pac. 947]; *Werner* v. *Bryden*, 99 Cal. App. 398 [278 Pac. 869]; *Kenyon* v. *Hartford Acc. & Indem. Co.*, 86 Cal. App. 266 [260 Pac. 954]; *Wrin* v. *Ohlandt*, 213 Cal. 158, 1 Pac. (2d) 991; *Topham* v. *Huntington*, 109 Cal. App. 593 [293 Pac. 678].)

The order is affirmed.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 28, 1931.