[Civ. No. 11083. Second Appellate District, Division One.—January 12, 1937.]

DAISY DEAN LUCAS, Respondent, v. LUCAS RANCHING COMPANY (a Corporation) et al., Appellants.

Surr & Hellyer for Appellants.

P. Talbot Hannigan, Sanford W. Hornwood and Samuel Schwartz for Respondent.

BISHOP, J., *pro tem.*—The defendants, with the exception of Leon F. Lucas, joined in a motion to transfer this action from the Los Angeles superior court, where it was commenced, to the Superior Court of San Bernardino County, the county wherein all the individual defendants resided at the time the complaint was filed, and the place where the defendant corporation had its principal place of business. The appeal from the order denying the motion we find well taken; San Bernardino County was the proper county for the trial of this action, and its superior court the only court within the county which would have jurisdiction.

Plaintiff's complaint is divided into three causes of action, with certain allegations common to all three. From the common basis for the three causes we learn that plaintiff and the defendant Leon F. Lucas are an estranged married couple, the parties to another action brought by her for separate maintenance. There exists community property of considerable value, consisting in part of shares in the defendant corporation. The several individual defendants are directors or officers of the defendant corporation, and all entered into a conspiracy, the object of which was to place the community property beyond the reach of plaintiff, and to so reduce the apparent income of her husband that she would be left help-

less. One step in the carrying out of this conspiracy was the pledging of securities worth over $19,000 for an indebtedness of less than $1,000.

For her first cause of action plaintiff goes on to relate that the steps taken in furtherance of the conspiracy resulted in placing her in financial straits, causing her to suffer ''deep and grievous mental pain, anguish and suffering, great embarrassment, humiliation, worry and loss of sleep, and impairment of her nervous and physical condition, . . . all to her damage in the sum of $75,000.00''. As her second cause of action, plaintiff complains that the pledge of the securities placed them beyond her reach, to her damage in a sum equal to one-half their value. Her third cause of action is for damages equal to one-half the value of some stock that was pledged and sold in carrying out the conspiracy.

It is at once apparent that the proper county for the trial of these causes is not prescribed in sections 392, 393, or 394 of the Code of Civil Procedure, but is prescribed by section 395 of that code in these words: ''In all other cases, except as in this section otherwise provided . . . the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. If the action be for injury to person,'' and that it is, is respondent's sole argument in support of the order denying the transfer, '' . . . either the county where the injury occurs . . . or the county in which the defendants, or some of them, reside at the commencement of the action, shall be a proper county for the trial of the action''.

We are of the opinion that plaintiff's first cause of action is not one ''for injury to person'' within the purview of the code section just quoted. It does employ, it is true, the same classification that is made earlier in the same code, in sections 25 and 27, where we are reminded that a civil action arises out of either an obligation or an injury and that injuries are of two kinds: ''1. To the person; and 2. To property.'' We find the law now well settled, however, that the actions characterized as ''for injury to person'' in section 395, *supra,* are not all those which may be included in the generic classification of sections 25 and 27, *supra.* Careful consideration was given to the question in *Graham* v. *Mixon,* (1917) 177 Cal. 88 [169 Pac. 1003, L. R. A. 1918F, 1023], and the conclusion reached that an action for libel was not

"for injury to person", within the meaning of section 395, *supra,* however comprehensive sections 25 and 27, *supra,* might be. So, also, in *Monk* v. *Ehret,* (1923) 192 Cal. 186 [219 Pac. 452], the problem was debated further and it was agreed that an action for false imprisonment was not one "for injury to person", as those words are used in the section under consideration. The same conclusion was reached with respect to an action for malicious prosecution in *Plum* v. *Newhart,* (1931) 118 Cal. App. 73 [4 Pac. (2d) 805]. See, also, *Mason* v. *Buck,* (1929) 99 Cal. App. 219 [278 Pac. 461], holding that an action for conversion is not one for injury "to personal property". Construing a code provision similar to ours, the Supreme Court of South Dakota in *Kayser* v. *Nelson,* (1921) 44 S. D. 533 [184 N. W. 361], held an action for alienation of affections was not one for "damages to person".

It does not appear, in any of these cases, that the tort sued upon had resulted in actual physical injury to the plaintiff, so that they only partially solve the problem this case presents. However, in the process of excluding from the control of section 395, *supra,* the particular actions they involved, these cases developed an approach to their problems helpful to us. From *Monk* v. *Ehret, supra,* as interpreted in *Coley* v. *Hecker,* (1928) 206 Cal. 22, 28 [272 Pac. 1045], we learn that the inspiration for the language we are considering was the "situation brought about by the increasing use of motor vehicles". In motor vehicle accidents, as in other cases where physical injury is directly caused by what has happened, the injury occurs at the place where the happening occurs, and there is logic in having that place a proper one for the trial. In an action such as plaintiff's, however, the place where the injury occurs is not the locale of the events which, ultimately, cause the injury. She is injured not at the site of the events, but, brooding over the wrongs done her, at the place or places where worry and loss of sleep finally take their toll. No reason appears why an injury which has no definite situs should be given potency in determining the place of trial. Hence, we have concluded that this action, although one for injury to the person, as classified by section 27 of the Code of Civil Procedure, is not such an action within the meaning of section

395 of that code which, as we have seen, has a more restricted scope.

But, if we should concede that plaintiff's first cause of action is one "for injury to person", by no possibility could either her second or third causes of action be so characterized, and defendants' right to have them transferred to the county of their residence would control the whole action. This is the rule where a local cause of action is joined with a transitory one. (*Sanborn* v. *Pomona Pump Co.*, (1933) 131 Cal. App. 241 [21 Pac. (2d) 124] ; *Eckstrand* v. *Wilshusen*, (1933) 217 Cal. 380 [18 Pac. (2d) 931] ; *Bardwell* v. *Turner*, (1933) 219 Cal. 228 [25 Pac. (2d) 978].) It should be even more the rule where the local cause is not strictly such, but the county of defendants' residence is also its "proper" county.

The order appealed from is reversed with directions to the trial court to enter an order in harmony with this opinion.

Houser, P. J., and Doran, J., concurred.