[Civ. No. 18124. Fourth Dist., Div. One. Apr. 21, 1978.]

LOWELL T. CARRUTH et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY,
Respondent;
ROGER D. STOIKE, Real Party in Interest.

---

**COUNSEL**

Stutz, McCormick & Mitchell and John P. McCormick for Petitioners.

No appearance for Respondent.

Frank E. Rogozienski for Real Party in Interest.

---

**OPINION**

**BROWN (Gerald), P. J.**—Lowell T. Carruth and the law partnership of which he is a member, McCormick, Barstow, Sheppard, Coyle & Wayte (MBSC&W), seek a writ of mandate to compel the San Diego County Superior Court to grant their motion for change of venue (Code Civ. Proc., § 400).

In the underlying action, Roger D. Stoike real party in interest, seeks damages from petitioners for malicious prosecution. The complaint alleges petitioners maliciously, and without probable cause, sued Stoike in San Diego County Superior Court for medical malpractice. The complaint further alleges: "As a direct and proximate result of the

[petitioners] bringing the ... action against [Stoike], [he] has been injured in his good name and reputation and ... has been caused grievous mental and emotional suffering and distress. . . ."

Claiming the action was not commenced in a proper court (Code Civ. Proc., § 396b),[1] petitioners moved for a change of venue to Fresno County based upon Code of Civil Procedure section 395. Subdivision (a) of that section provides in pertinent part: "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action. If the action is for *injury to person* or personal property or for death from wrongful act or negligence, either the county where the injury occurs or the injury causing death occurs or the county in which the defendants, or some of them reside at the commencement of the action, shall be a proper county for the trial of the action." Stoike opposed the motion, contending (1) the action is one for "injury to person" within the meaning of that phrase in section 395; (2) pursuant to section 395.5, an unincorporated association such as MBSC&W "may be sued in the County where . . . the . . . liability arises," in this case San Diego County, where the malpractice action against Stoike was filed; and (3) petitioners had failed to rebut a legal presumption that MBSC&W was a resident of the county in which the action was filed.

The trial court, for reasons undisclosed by the record, denied petitioners' motion, and this proceeding followed. On petitioners' request, we stayed proceedings below. Although we view the evidence under the well-settled rules governing review of an order based on affidavits (see *Kulko* v. *Superior Court,* 19 Cal.3d 514, 519, fn. 1 [138 Cal.Rptr. 586, 564 P.2d 353]), denial of the motion cannot be sustained.

---

[1]"Except as otherwise provided in Section 396a, if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, or, at his option, without answering or demurring and within the time otherwise limited to plead, files with the clerk, or with the judge if there be no clerk, an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of such papers. Upon the hearing of such motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the same transferred to the proper court; . . ." Unless otherwise noted, statutory references are to sections of the Code of Civil Procedure.

The first issue is whether an action for malicious prosecution is one for "injury to person" as that phrase is used in section 395. If it is, the county "where the injury occurs" is a proper county for the commencement of the action. If it is not, only a county in which a defendant resides is a proper county (§ 395).

*Monk* v. *Ehret*, 192 Cal. 186 [219 P. 452], and *Graham* v. *Mixon*, 177 Cal. 88 [169 P. 1003], counsel that the Legislature used the phrase "injury to person" in section 395 to refer only to injuries of a physical or bodily nature, and not to injuries to character or reputation. Accordingly, it has been held malicious prosecution is not such an injury (*Plum* v. *Newhart*, 118 Cal.App. 73 [4 P.2d 805]; *Plum* v. *Forgay Lumber Co.*, 118 Cal.App. 76 [4 P.2d 804]; see 6 Cal.Jur.3d, Assault with Other Wilful Torts, § 345, p. 577; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, §§ 448, 459).

We are mindful in *Plum* v. *Newhart, supra,* 118 Cal.App. 73, 75 and *Plum* v. *Forgay Lumber Co., supra,* 118 Cal.App. 76, 79, no physical or personal injuries were alleged to have been inflicted; the complaints merely charged that the plaintiff was injured socially and financially, and suffered great loss and injury to his business, his good name, his credit and his reputation. Here, on the other hand, Stoike alleges, in addition to such injury, he has been caused grievous mental and emotional suffering and distress. The measure of compensatory damages for the malicious prosecution of a civil action includes compensation for such suffering and distress (*Bertero* v. *National General Corp.,* 13 Cal.3d 43, 59 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]).

However, *Lucas* v. *Lucas Ranching Co.,* 18 Cal.App.2d 453 [64 P.2d 160] holds such allegation of mental harm does not necessarily affect venue. In that case plaintiff claimed her estranged husband and other defendants conspired to place community property beyond her reach, causing her to suffer, in addition to monetary loss, " 'deep and grievous mental pain, anguish and suffering, great embarrassment, humiliation, worry and loss of sleep, and impairment of her nervous and physical condition. . . .' " (*Id.,* p. 455.)

The court reasoned: "From *Monk* v. *Ehret, supra,* as interpreted in *Coley* v. *Hecker, . . .* 206 Cal. 22, 28 . . . , we learn that the inspiration for the language we are considering was the 'situation brought about by the increasing use of motor vehicles.' In motor vehicle accidents, as in other cases where physical injury is directly caused by what has happened, the injury occurs at the place where the happening occurs, and there is logic

in having that place a proper one for the trial. In an action such as plaintiff's, however, the place where the injury occurs is not the locale of the events which, ultimately, cause the injury. She is injured not at the site of the events, but, brooding over the wrongs done her, at the place or places where worry and loss of sleep finally take their toll. No reason appears why an injury which has no definite situs should be given potency in determining the place of trial." (*Id.*, at p. 456.) The court concluded the cause of action was not one for "injury to person" within the purview of section 395 (*id.*, at p. 455).

In an action for malicious prosecution, as in the action in *Lucas,* the place where the personal injury occurs is not necessarily the locale of the events which ultimately cause the injury. Such personal injury, with no definite situs, should not in reason determine the place of trial. A construction of "injury to person" permitting such a result would be in clear derogation of the right of a defendant to have an action brought against him tried in the county of his residence, "an ancient and valuable right, safe-guarded by statute and supported by a long line of decisions" (*Kaluzok* v. *Brisson,* 27 Cal.2d 760, 763 [167 P.2d 481, 163 A.L.R. 1308]). We conclude this action is not one for "injury to person" within the meaning of section 395.

■ Stoike advances a second and distinct theory for sustaining the decision of the trial court. Section 395.5 of the Code of Civil Procedure provides: "A corporation or association may be sued in the county where . . . liability arises . . . ." Petitioners concede if the action were filed only against MBSC&W, San Diego County could be a proper place for suit under this statute; however, they assert where an individual and a corporation or association are joined as defendants, and plaintiff sues in a county in which neither defendant resides, but which is one of the other places in which a corporation or association may be sued pursuant to section 395.5, the individual defendant may obtain a change of venue. The rule asserted is well-recognized (see 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 513, pp. 1335-1336).

In *Mosby* v. *Superior Court,* 43 Cal.App.3d 219 [117 Cal.Rptr. 588], the court explained:

". . . two conflicting venue provisions are concurrently applicable to this case. The venue provisions applicable to individual defendants (§ 395) when applied to the circumstances of this case provide that only one county, that of [a] defendant's residence, is the proper county for

trial. On the other hand, the venue provisions applicable to actions against unincorporated associations (§ 395.5) when applied to the facts of this case support the place of performance as a proper county for trial. As between these two conflicting venue provisions it has long been settled that preference will be accorded to the right of an individual defendant to trial in the county of his residence. When a plaintiff brings an action against several defendants, both individual and corporate, in a county which is neither the residence nor the principal place of business of any defendant, an individual defendant has a right upon proper showing to a change of venue to the county of his residence even though venue as initially laid may otherwise be justifiable upon one of the four alternative grounds provided by section 395.5 in actions against corporations. [Citations.] The foregoing rule applies with equal force where, as here, the business entity defendant is not a corporation but an unincorporated association. [Citation.]

"However, where individuals are properly joined as defendants with an unincorporated association and venue is laid in the county of residence of the association, the preference for residence venue is satisfied and an individual defendant may not of right secure a change of venue to the county of his residence. [Citation.]" (*Id.,* at p. 226.)

Stoike contends the joinder rule should not apply as a matter of law where, as here, the individual sued is derivatively liable for the acts of his codefendant law partnership. (See Corp. Code, §§ 15013, 15015, subd. (a).)

We find no merit to the contention. Where a plaintiff has not been satisfied to sue the members of an association under a common name, but has also sought to make an individual member of an association party to the action, and has sought a personal judgment against the individual, irrespective of the liability of the association, the action must be transferred to a county of residence of one of the defendants (see *Mosby* v. *Superior Court, supra,* 43 Cal.App.3d 219, 226; *Nelson* v. *East Side Grocery Co.,* 26 Cal.App. 344 [146 P. 1055]; *The G. & S. Co.* v. *The M. & H.F.C. Co.,* 107 Cal. 378 [40 P. 495]; *McClung* v. *Watt,* 190 Cal. 155, 157-159 [211 P. 17]), if the individual defendant so insists (see *Strassburger* v. *Santa Fe L.I. Co.,* 54 Cal.App. 7 [200 P. 1065]). ■ Thus, if neither Carruth nor MBSC&W resides in San Diego County, Carruth's demand for change of venue should have been granted.

As a final, related defense of the decision of the trial court, Stoike argues petitioners have failed to rebut a legal presumption that MBSC&W was a resident of the county in which the action was filed. This contention requires our consideration of the sufficiency of the evidence before the trial court. "When parties to an action make a motion for a change of venue, it is incumbent upon them to make a complete showing requiring the change." (*Sequoia Pine Mills, Inc.* v. *Superior Court*, 258 Cal.App.2d 65, 69 [65 Cal.Rptr. 353].) Petitioners here had the burden of showing venue was proper in the county to which they sought transfer, Fresno County, and also of showing San Diego County is not a proper place for commencement of the action under any applicable theory (see *Mosby* v. *Superior Court, supra,* 43 Cal.App.3d 219, 228).

For reasons we have explained, the county of residence of either Carruth or MBSC&W is a proper county for commencement of this action (Code Civ. Proc., § 395). The record includes the uncontradicted declaration of Carruth that at the time of the commencement of the action he was a resident of the County of Fresno and not a resident of any other county. Stoike does not contend otherwise in this proceeding. Accordingly, Fresno County is a proper county for the commencement of the action.

The question thus becomes whether MBSC&W is a resident of San Diego County. If it is, denial of petitioners' motion would have been justified (*McClung* v. *Watt, supra,* 190 Cal. 155, 157-159).

"As is said in *Aisbett* v. *Paradise Mt. Min. etc. Co.*, 21 Cal.App. 267, at page 268 . . . 'Where the complaint and record, *as here,* are silent upon the subject, the presumption is that the defendants are residents of the county wherein the action is commenced, and the burden of proof is cast upon them to show that they were at the commencement of the action residents of another county or counties of the state than that wherein the suit is brought, and to which they ask that the place of trial be removed. [Citing cases.] . . . .' " (*Sequoia Pine Mills, Inc.* v. *Superior Court, supra,* 258 Cal.App.2d 65, 67-68.) It was petitioners' burden below to negate not only the residence of Carruth in San Diego County, but also the residence of MBSC&W (*id.*; *Aisbett* v. *Paradise Mt. Min. etc. Co.,* 21 Cal.App. 267 [131 P. 330]).

Unless an unincorporated 'association has availed itself of special statutory protection against forum shopping, venue is proper in the county of residence of any member of the association (*Juneau etc. Corp.*

v. *Intl. Longshoremen,* 37 Cal.2d 760 [235 P.2d 607]; *Mosby* v. *Superior Court, supra,* 43 Cal.App.3d 219, 229-230). Since there is no evidence in the record MBSC&W had invoked such protection,[2] its more particular burden was to prove none of its members resided in San Diego County at the time of commencement of the action.

We are satisfied it sustained that burden and the evidence would not justify a contrary finding. Richard A. McCormick, a partner of MBSC&W with personal knowledge of the identity of all partners and associates of the law partnership at the time of the commencement of the action, listed in his declaration the names of 22 individuals who were at that time working with MBSC&W. He averred "there were no other attorneys nor any other members of said law partnership."

Petitioners obtained and filed declarations of residence from the 22 individuals named, each stating in essence: "At all times herein mentioned and specifically on October 5, 1977 [the date the complaint was filed], I was and I am now a resident of Fresno County, California. I am not now nor was I at any time herein mentioned a resident of San Diego County."

In addition, petitioners filed a declaration of Laurie Cunningham, which states:

"I am presently the bookkeeper for the law partnership of McCormick, Barstow, Sheppard, Coyle & Wayte. As such I am the custodian of the records and have in my possession the names and addresses of all partners, lawyer associates and other employees.

---

[2]Section 395.2 provides: "If an unincorporated association has filed a statement with the Secretary of State pursuant to Section 24003 of the Corporations Code listing its principal office in this state, the proper county for the trial of an action against such unincorporated association is the same as it would be if the unincorporated association were a corporation and, for the purpose of determining such county, the principal place of business of the unincorporated association shall be deemed to be the principal office in this state listed in the statement."

"Under Section 395.2, an unincorporated association, by filing a statement designating its principal office in this state, may avoid ... forum shopping and may secure the advantages of the venue provisions applicable to corporations . . . . Section 395.2 does not apply, however, unless the association maintains an office in this state and has filed a statement designating its principal office in this state. The procedure for filing such a statement is prescribed by Corporations Code Section 24003." (West's Ann. Code Civ. Proc., § 395.2, legis. committee com.; Deering's Ann. Code Civ. Proc. (1972 ed.) p. 557.) MBSC&W does not contend it complied with Corporations Code section 24003.

"I have personally reviewed all of these records and each and every partner, lawyer associate and employee was a resident of Fresno County, California on October 5, 1977."

Without contradicting these declarations in the trial court, Stoike now argues: "From the declaration of Laurie Cunningham . . . it is apparent there are 'other employees' of said law firm for whom no declaration regarding their residence (other than Ms. Cunningham's hearsay and conclusionary statement derived from certain records made available to her as 'bookkeeper') has been filed. Employees of a partnership clearly may be 'members' of the unincorporated association, and absent some *factual* showing they are not, must be presumed to be 'members' . . . It must . . . be assumed, as did the Court in *Mosby,* that since Petitioners have not negated the residence of each of the members of said law firm being in San Diego County, that McCormick, Barstow, Sheppard, Coyle & Wayte was actually a resident of San Diego County when this action was commenced."

However, the declaration of Richard A. McCormick is an uncontradicted factual showing "there were no other . . . members of" MBSC&W. The suggestion that petitioners have failed to negate the residence of each member of the law firm, that some unknown member presumptively resides in San Diego County, strains credulity to the breaking point. The evidence could not justify such an inference.

The application for writ of mandate was made on due notice to respondent and real party in interest. The petition filed with this court and the opposing points and authorities filed by the real party in interest fully present the determinative issues. An alternative writ or order to show cause would add nothing to the full presentation already made. A peremptory writ is proper (Code Civ. Proc., § 1088; *Goodenough* v. *Superior Court,* 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]) and should issue.

Let a peremptory writ of mandate issue directing respondent court to grant petitioners' motion for change of venue. The stay of proceedings ordered by this court on March 29, 1978, is vacated.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied May 5, 1978, and the petition of the real party in interest for a hearing by the Supreme Court was denied June 15, 1978.