[No. A034359. First Dist., Div. One. Oct. 21, 1986.]

CUBIC CORPORATION et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
STEVEN A. WARREN, Real Party in Interest.

---

**COUNSEL**

Greco & Traficante and Clyde C. Greco, Jr., for Petitioners.

No appearance for Respondent.

Lawrence James Less and Less, Weaver & Winer for Real Party in Interest.

---

**OPINION**

**NEWSOM, J.**—This timely (Code Civ. Proc., § 400)[1] petition seeks review of an order denying petitioners' motion for change of venue from Alameda

---

[1]Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

County to San Diego County. As will be seen, we agree that venue in Alameda is improper, and issue our writ accordingly. The background relevant to our discussion follows.

Real party in interest, Steven A. Warren, had been employed by United States Elevator since 1972. In April of 1985, however, he was terminated—wrongfully, according to the allegations of his complaint. Petitioners, Cubic Corporation, United States Elevator Corporation, Edward F. Helsley and D. Gary Ryans, are the defendants in Warren's action below, which seeks damages in causes of action alleging breach of contract, wrongful termination, intentional infliction of emotional distress, and conspiracy.

Helsley is joined as an individual defendant with the corporate defendants in the third and fourth causes of action for emotional distress and conspiracy; Ryans is joined only in the conspiracy cause of action. Notably, the individual defendants are not joined in the contract causes of action against the corporate defendants. Helsley moved below to change venue to San Diego County, relying on section 395. As relevant here, that section provides: "(a) Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action. If the action is for injury to person or personal property . . . either the county where the injury occurs . . . or the county in which the defendants, or some of them reside at the commencement of the action, shall be a proper county for the trial of the action."

The other defendants, including Ryans, did not object to the motion—indeed, they joined in it.[2] The motion for change of venue was denied; this petition followed.

Petitioners do not dispute that venue is proper in Alameda County as to all causes of action involving the corporate defendants (§ 395.5). They argue here, as they did below, that because individual defendants are not parties to the contract causes of action, venue as to the entire proceeding is governed by section 395. (*J.C. Millett Co.* v. *Latchford-Marble Glass* (1956) 144 Cal.App.2d 838, 840 [301 P.2d 914]; *Mosby* v. *Superior Court* (1974) 43 Cal.App.3d 219, 226 [117 Cal.Rptr. 588].) And, when applied to the causes of action here, that section mandates venue in San Diego

---

[2]The complaint had alleged that Ryans resided in Alameda County. In support of Helsley's motion to change venue to San Diego, Ryans filed a declaration in which he indicated that he had not resided and did not reside in Alameda County, but instead resided in San Mateo County. Conceding this fact, real party's opposition to the motion to change venue to San Diego suggested San Mateo County as a proper alternative venue.

County. Real parties do not quarrel with the first proposition, but they dispute the second. They contend that the complaint states a cause of action for injury to person within the meaning of section 395 so that venue is properly laid in Alameda County against the individual as well as corporate defendants.

■ It is settled, however, that actions sounding in tort (severe humiliation, anguish, emotional distress and trauma) are not encompassed within the limited statutory language of section 395 so as to justify grounding venue on them. (Cf. *Carruth* v. *Superior Court* (1978) 80 Cal.App.3d 215, 219-220 [145 Cal.Rptr. 344, 12 A.L.R.4th 1269]; *Lucas* v. *Lucas Ranching Co.* (1937) 18 Cal.App.2d 453 [64 P.2d 160].)

Cases relied upon by real party, Warren,[3] for the proposition that medical science and the legal community have recognized grief, anxiety, and other shocks to the nervous system as injuries to the body are of no assistance to him. Those cases deal with questions of pleading. *Carruth* v. *Superior Court, supra,* 80 Cal.App.3d 215 and *Lucas* v. *Lucas Ranching Co., supra,* 18 Cal.App.2d 453, address the question whether such a cause of action is a proper ground for venue, and hold that it is not.

In issuing our alternative writ, we gave respondent directions to transfer venue to either San Diego or San Mateo County, the latter being in fact a proper venue because petitioner/defendant Ryans resides there. Petitioners, however, argue that the trial court was required to transfer the matter to San Diego County, and we agree. ■ Section 398 expressly provides that when an action commenced in the wrong court is ordered transferred for that reason, it must be transferred to the proper court as stipulated by the parties. Absent such stipulation, it must be transferred to the proper court in a proper county designated by the defendant. (See *General Motors Corp.* v. *Superior Court* (1983) 141 Cal.App.3d 966, 970 [190 Cal.Rptr. 742].) Only if the parties have not stipulated, or the defendant has not designated a proper county, may the court designate the county of transfer.

The alternative writ heretofore issued is discharged. Let a peremptory writ of mandate issue commanding respondent superior court to set aside its order filed February 21, 1986, denying change of venue in No. H-112372-7, and to enter a new and different order granting the motion and changing venue to San Diego County.

---

[3] *Espinosa* v. *Beverly Hospital* (1952) 114 Cal.App.2d 232, 234 [249 P.2d 843]; *Sea World, Inc.* v. *Superior Court* (1970) 13 Cal.App.3d 100, 104 [91 Cal.Rptr. 336]; *Vanoni* v. *Western Airlines* (1967) 247 Cal.App.2d 793 [56 Cal.Rptr. 115].)

Pending the finality of this opinion, all proceedings in H-112472-7 are stayed.

Racanelli, P. J., and Holmdahl, J., concurred.