[No. B051706. Second Dist., Div. Three. Dec. 13, 1990.]

BARBARA CACCIAGUIDI et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SECURITY PACIFIC CORPORATION et al., Real Parties in
Interest.

COUNSEL

Sachse, James, Croswell & Lopardo, Stephen V. Lopardo, Loren A. Stephen-Porter and Neal Gibbons for Petitioners.

No appearance for Respondent.

Sachs & Phelps and Bradley D. Ross for Real Parties in Interest.

OPINION

DANIELSON, J.—In consolidated petitions, Barbara and Garrett Cacciaguidi and Donald L. Starks (petitioners) seek writs of mandate to compel the Los Angeles County Superior Court to grant their motions for change of venue of an action brought against them by the real parties in interest,

Security Pacific Corporation and Financial Clearing & Services Corporation (real parties), to San Diego County.

## FACTS

The underlying action is for abuse of process and conspiracy. The complaint alleges that on or about October 5, 1988, petitioners, defendants therein, commenced National Association of Securities Dealers (NASD) arbitration proceedings against their former brokerage firm in San Francisco. The NASD claim was subsequently amended to assert additional causes of action against several new parties, including Financial Clearing & Services Corporation, allegedly a wholly owned subsidiary of Security Pacific Corporation, real parties herein.

On February 9, 1990, while the NASD proceeding was pending, petitioners filed an action for deceit and breach of contract in the San Diego superior court against the parties charged in the NASD claim, alleging the same wrongs complained of in the NASD claim.

The San Diego action was served on the real parties at their Los Angeles County business address. Following extensive discovery in Los Angeles, and after the court ordered petitioners to comply with their discovery obligations, petitioners "unilaterally and voluntarily dismissed these defendants [real parties] from the [San Diego] Superior Court Action in an attempt to avoid complying with [petitioners'] discovery obligations . . . ."

The real parties allege petitioners misused the process of the State of California by filing identical actions in distant and improper forums for the purpose of impairing their ability to defend the same (*Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94 [101 Cal.Rptr. 745, 496 P.2d 817]), to coerce them to make concessions in the NASD proceeding, and to circumvent NASD prohibitions on discovery by undertaking discovery in the San Diego action.

Petitioners moved to change venue of the abuse of process case from Los Angeles to San Diego on the grounds they reside in San Diego, and the action on which the suit is based was filed in the San Diego Superior Court.

The real parties urged in opposition that inasmuch as the situs of the wrongs committed by petitioners, i.e., letters threatening to pursue the San Diego action unless the real parties made concessions in the NASD proceeding, discovery in the San Diego action, and service of the action upon the real parties, were communicated, propounded, and served in Los Angeles County, the latter county is a proper location for trial.

Replying to the opposition, petitioners claimed the real parties' purpose in pursuing the present abuse of process action is to themselves obtain discovery they cannot obtain in the NASD proceeding. Petitioners claimed that although the filings in the NASD matter were mailed to New York and San Francisco, the arbitration proceeding would be conducted in San Diego; they filed the San Diego Superior Court action because the statute of limitations was about to run on another of the parties named as defendants therein but not as a party to the NASD proceeding; they received no response to an inquiry they made of the real parties' counsel as to whether his clients preferred to proceed with the NASD arbitration or pursue the matter in superior court; and petitioners had conducted very little discovery pending resolution of the forum issue. They attached documents showing the NASD arbitration hearing was scheduled for February 27 and 28, 1990, in San Diego, and that they had inquired which remedy was preferred by the real parties.

The motions for transfer of venue to San Diego County were denied following a hearing held on July 3, 1990.

## CONTENTIONS

■  The parties agree there is no authority directly on point.[1] Petitioners analogize abuse of process to malicious prosecution, and cite cases holding actions based on the latter theory are properly brought at the place of residence of the defendants. (E.g., *Carruth* v. *Superior Court* (1978) 80 Cal.App.3d 215 [145 Cal.Rptr. 344, 12 A.L.R.4th 1269].) The real parties distinguish abuse of process from malicious prosecution, and urge the place of the injury, assertedly Los Angeles County, is the proper place for trial.

## DISCUSSION

Code of Civil Procedure section 395 provides, in subdivision (a): "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action. If the action is for injury to person or personal property . . . from wrongful act or negligence, either the

---

[1] In the only California case we find in which venue of an abuse of process action is even mentioned, the appellants argued that the recording of an abstract of judgment after an undertaking on appeal from the judgment had been given gave rise to a cause of action for malicious abuse of process, "and consequently is a personal action, the venue of which is at appellant's place of residence." (*Coley* v. *Hecker* (1928) 206 Cal. 22, 29 [272 P. 1045].) The court rejected this argument, finding the action was for an injury to real property, properly brought in the county where the subject property was located. (*Ibid.*)

county where the injury occurs . . . or the county in which the defendants, or some of them reside at the commencement of the action, shall be a proper county for the trial of the action."

*Carruth* v. *Superior Court, supra,* 80 Cal.App.3d 215, considered the meaning of the phrase "injury to person" as it is used in section 395. The court quoted from *Lucas* v. *Lucas Ranching Co.* (1937) 18 Cal.App.2d 453, where the defendants conspired to place community property beyond the plaintiff's reach, causing her to suffer monetary loss and emotional distress: " 'From *Monk* v. *Ehret* [(1923) 192 Cal. 186], as interpreted in *Coley* v. *Hecker* [1928] 206 Cal. 22, 28 . . . , we learn that the inspiration for the language we are considering was the "situation brought about by the increasing use of motor vehicles." In motor vehicle accidents, as in other cases where physical injury is directly caused by what has happened, the injury occurs at the place where the happening occurs, and there is logic in having that place a proper one for the trial. In an action such as plaintiff's, however, the place where the injury occurs is not the locale of the events which, ultimately, cause the injury. [The plaintiff] is injured not at the site of the events, but, brooding over the wrongs done her, at the place or places where worry and loss of sleep finally take their toll. No reason appears why an injury which has no definite situs should be given potency in determining the place of trial.' ([18 Cal.App.2d] at p. 456.)" (*Carruth* v. *Superior Court, supra,* 80 Cal.App.3d 215, 219-220.)

The *Carruth* court applied the same reasoning to an action for malicious prosecution, where compensation also includes damages for emotional distress: "the place where the personal injury occurs is not necessarily the locale of the events which ultimately cause the injury. Such personal injury, with no definite situs, should not in reason determine the place of trial. A construction of 'injury to person' permitting such a result would be in clear derogation of the right of a defendant to have an action brought against him tried in the county of his residence, 'an ancient and valuable right, safeguarded by statute and supported by a long line of decisions' [citation]." (*Carruth* v. *Superior Court, supra,* 80 Cal.App.3d 215, 220.)

The real parties distinguish abuse of process from malicious prosecution, stating: "Malicious prosecution, by its very definition, involves the whole course of litigation in its entirety, and no action even arises until there is a favorable determination . . ." whereas "abuse of process can occur at an innumerable number of distinct and independent instances before, during, after, or even without any formal litigation." Thus, they argue, while malicious prosecution actions do not have a single situs, "it will usually be possible to specify exactly when and where the abuse of process occurred, thereby establishing the proper venue for each such abuse."

The distinction the real parties draw is quantitative, rather than qualitative. It is true that more events will have occurred prior to completion of proceedings constituting malicious prosecution than are necessary to establish an action for abuse of process. However, as we see here, more than one such event may be alleged in an action for abuse of process and, unlike the situation in our case, they could occur in more than one locale.

The real parties urge the place where the injury occurred is the locale of the events which caused them injury, i.e., service of the action, receipt of the offending letters, and propounding of discovery, presumably in the form of interrogatories. These events generally occur, as they did here, at the place of residence of the proponents of an action for abuse of process. Thus, the real parties seek venue in the place of their residence, rather than that of the defendants. As stated in *Carruth*, "[a] construction of 'injury to person' permitting such a result would be in clear derogation of the right of a defendant to have an action brought against him tried in the county of his residence . . . ." (*Carruth* v. *Superior Court, supra*, 80 Cal.App.3d at p. 220.)

The real parties' cases fail to support their position. *Pfefferle* v. *Lastreto* (1962) 206 Cal.App.2d 575 [23 Cal.Rptr. 834, 99 A.L.R.2d 663], was an action for damages for negligent manufacture and sale of a chicken feed additive in which the plaintiff poultry producers sought to recover for harm to their flocks, and the plaintiff feed and grain dealer sought recovery for loss of the grain to which the compound was added, as well as for damage to his business and goodwill. The cases were severed; the poultry producers' action was tried where their chicken flocks suffered harm, and the grain dealer's action was tried in the locale of his principal place of business, where the injury to him occurred. Each instance involved a physical injury.

*Shida* v. *Japan Food Corp.* (1960) 185 Cal.App.2d 443 [8 Cal.Rptr. 271], dealt with an action against a San Francisco corporation for wrongfully inducing breach of a contract. Former article XII, section 16 of the California Constitution provided: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated . . . ." (Now see Code Civ. Proc., § 395.5.) The court determined "liability arises" where the injury occurs, an "injury" being a wrongful invasion of legal rights, and held the defendant, in seeking a change of venue to San Francisco, failed to show the inducement or injury did not occur in Los Angeles.

*Nakata* v. *Guarantee Mtg. Co.* (1922) 60 Cal.App. 260 [212 P. 937], also involved an action against a corporation. As Witkin observes, the plaintiff

in an action against a corporate defendant is given "a broader venue than in tort actions against individuals, for under C.C.P. 395, only actions for *physical injury to person or property*, or death, can be brought where the wrongful act occurs." (3 Witkin, Cal. Procedure (3d ed 1985) Actions, § 618, p. 636, italics added.)

The trial court erred in denying the motion to transfer venue to San Diego County,[2] and the petition must be granted.

In their prayer, petitioners request an award of fees for the services of their attorney in making the motion for change of venue, and in pursuing the instant petition. (Code Civ. Proc., § 396b, subd. (b).)[3] The real parties claim they were not given notice of such a request in the trial court.

While the notice of motion made no mention of attorney fees, the memorandum of points and authorities supporting the motion sets forth such a request, and relates three attempts by petitioners' counsel to persuade counsel for the real parties to "cause the action to be transferred" to San Diego. Inasmuch as the motion was denied, the request for an award of attorney fees was not considered by the trial court. Insofar as the present proceeding is concerned, the real parties, having met the issue, can hardly complain of lack of notice.

On the merits, we find an award of attorney fees inappropriate in this case, where the trial court found the real parties' arguments "inventive" and "compelling," and denied the motion for change of venue.

---

[2] We note that the real parties did not urge convenience of witnesses or the ends of justice as grounds of their opposition to the motion for change of venue. (Code Civ. Proc., § 396b, subd. (d); see also § 397, subd. 3.)

[3] Code of Civil Procedure section 396b provides, in subdivision (b): "In its discretion, the court may order the payment to the prevailing party of reasonable expenses and attorney's fees incurred in making or resisting the motion to transfer whether or not that party is otherwise entitled to recover his or her costs of action. In determining whether that order for expenses and fees shall be made, the court shall take into consideration (1) whether an offer to stipulate to change of venue was reasonably made and rejected, and (2) whether the motion or selection of venue was made in good faith given the facts and law the party making the motion or selecting the venue knew or should have known. As between the party and his or her attorney, those expenses and fees shall be the personal liability of the attorney not chargeable to the party. Sanctions shall not be imposed pursuant to this subdivision except on notice contained in a party's papers, or on the court's own noticed motion, and after opportunity to be heard."

## DISPOSITION

Let a writ of mandate issue compelling the trial court to vacate its order denying petitioners' motions for transfer of venue to San Diego County, and make a new and different order granting the motions.

Klein, P. J., and Hinz, J., concurred.