IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

_____

FILED

January 12,
1996

Cecil Crowson, Jr.
Appellate Court Clerk

SUE MCGEE,

     Plaintiff-Appellant,

Vs.

THE FIRST NATIONAL BANK
and NEAL LOVLACE, JR.,

     Defendants-Appellees.

Maury County Circuit 6359
C.A. No. 01A01-9508-CV-00341

_____

FROM THE MAURY COUNTY CIRCUIT COURT

THE HONORABLE JAMES L. WEATHERFORD, JUDGE

Winston S. Evans of Nashville
For Appellee, Lovlace

Kevin S. Carr of Spicer, Flynn & Rudstrom of Nashville
For Appellee, First National Bank of Centerville

Michael E. Gilmer of Columbia
For Appellant

*AFFIRMED*

Opinion filed:

W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.

CONCUR:

ALAN E. HIGHERS, JUDGE

HEWITT P. TOMLIN, JR., SENIOR JUDGE

This appeal involves a venue dispute. Plaintiff, Sue McGee, appeals from the order of the Circuit Court for the Twenty-Second Judicial District in Maury County, Tennessee, that dismissed her suit against defendants, First National Bank and Neal Lovlace, for improper venue. The record in the case consists of what was formerly called the technical record and a "transcript of proceedings" which has no testimony and contains only argument and statements of counsel and the court.

A review of the pleadings and affidavits reveals that in 1993, defendant First National Bank, represented by defendant Lovlace, filed a suit in the Circuit Court for the Twenty-First Judicial District in Hickman County, Tennessee, against Jimmy McGee, husband of plaintiff, Sue McGee, that resulted in a judgment against Jimmy McGee in excess of $50,000.00. Subsequently, in the course of postjudgment discovery procedures, defendants caused various subpoenas to be issued and served in Maury County on the plaintiff, a resident of Maury County, and other witnesses. Pursuant to the subpoenas, depositions were taken apparently to ascertain the existence of assets that might be subject to execution in payment of the judgment against Jimmy McGee.

Plaintiff alleges that each process issued from the Hickman County Circuit Court to be served in Maury County was maliciously issued and was "a calculated attempt to harass and embarrass [plaintiff] into paying the debt incurred by her husband" and therefore, constituted abuse of process.

Both defendants filed motions to dismiss on the ground of improper venue.[1] Both parties concede that a malicious prosecution action and an

---

[1]In this proceeding, defendants have not raised any defense concerning the viability of the causes of action. Nothing in this opinion should be construed as dealing with anything other than the question of venue.

2

abuse of process action are transitory actions. Venue of transitory actions is governed by T.C.A. § 20-4-101 (1994) which provides in pertinent part:

> 20-4-101. Transitory actions. - (a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.

The plaintiff concedes that neither defendant is a resident of Maury County, nor was either defendant found in Maury County as contemplated by the statute. The trial court dismissed the action for improper venue, and the only issue for review is whether the trial court erred in so doing. To decide this issue, we must determine where the cause of action arose. If it arose in Maury County the trial judge erred; if it arose in Hickman County, the trial judge was correct.

In *Donaldson v. Donaldson*, 557 S.W.2d 60 (Tenn. 1977), our Supreme Court stated:

> There are two tort actions that may be brought to obtain redress for the alleged misuse of legal process by another: abuse of process and malicious prosecution. An action for abuse of process lies for the use of legal process to obtain a result it was not intended to effect, for a wrongful purpose. *Priest v. Union Agency*, 174 Tenn. 304, 125 S.W.2d 142 (1939) Malicious prosecution, or the malicious use of process, is the employment of legal process for its ostensible purpose, but without probable cause.

*Id.* at 62.

In 72 C.J.S. *Process* § 108 (1987), it is stated:

> b. Wrongful Use
>
> The unlawful use of process after its issuance is the gist of the wrong of abuse of process.
>
> The gist of the tort or wrong consists of the unlawful use of lawful process after its issuance. There must be an actual abuse of the process by its perversion to obtain a result which it was not intended by law to effect. A legal and legitimate use of process, to effect the result which such process is designed by law to

3

accomplish, cannot constitute abuse, even though the user was actuated by a wrongful motive or intent or by malice.

Plaintiff asserts that a cause of action for abuse of process arises when the cause of action becomes complete, and in that case the cause of action became complete in Hickman County. In support of this assertion plaintiff cites *Mid-South Milling Co., Inc. v. Loret Farms, Inc.*, 521 S.W.2d 586 (Tenn. 1975). From our examination of this case, we do not reach the same conclusion. In *Mid-South Milling* the suit was for breach of warranty in a sales contract. The Court looked to T.C.A. § 47-2-725, the statute of limitations in sales contracts, to determine when and where the cause of action arose. The statute specifically provides that the cause of action for breach of warranty accrues when the breach occurs, and the breach occurs when the tender of delivery is made. The court held that since the breach occurred at the time of delivery it also occurred at the place of the tender of delivery. In the instant case there is no corresponding statute to determine when and where an abuse of process cause of action arises.

In *Mattix v. Swepston*, 127 Tenn. 693, 155 S.W. 928 (1913), our Supreme Court was called upon to make a determination as to whether an action was a local action or a transitory action. The Court, in defining the cause of action, stated:

It may be safely said that no attempt so far to give an accurate definition of the term so as to meet the exigencies of all cases which may arise has been successfully made, and, indeed, such a general and inflexible definition could serve no particular purpose, and should not be attempted. With this qualification, it may be stated generally that the cause of action includes all the facts which together constitute the plaintiffs' right to maintain the action. This definition has the approval of such eminent authority as Mr. Justice Cooley in *Post v. Campau*, 42 Mich., 96, 3 N.W., 272, and Mr. Justice Johnson in *Marquat v. Marquat*, 12

4

> N. Y., 341. Mr. Pomeroy, in his work on Remedies, gives substantially the same definition at section 521.

*Id.* at 697.

In the instant case, the gravamen of plaintiff's action is stated in her brief:

> The theory of the Appellant's case below is that the Appellee, Lovlace, and the Appellee, Bank, joined together to force the Appellant to pay a judgment for which she was not legally liable by using oppressive and harassing discovery processes to wear down her resolve until she capitulated and paid up.

The process about which plaintiff complains consists of subpoenas to obtain postjudgment discovery from various business enterprises and individuals. Apparently all of the subpoenas were properly served and the discovery process completed. The gist of plaintiff's case is that these processes were a form of extortion to compel plaintiff to pay the judgment against her husband. It is undisputed that all of the subpoenas were issued from the Circuit Court in Hickman County, and that if there was an improper motive or purpose behind the issuance of the subpoenas, that motive or improper purpose was to have a judgment in Hickman County paid.

We have been cited to no Tennessee authority dealing with the question before us, nor has our research revealed any such authority. The few cases touching on the subject from other jurisdictions involve statutes somewhat different from the Tennessee statutes, or have factual situations not entirely like the case at bar. However, *Harrison Community Hosp. v. Blustein*, 76 Mich. App. 176, 255 N.W.2d 802 (Mich. Ct. App. 1977) is somewhat analogous. In *Harrison*, a judgment debtor brought an action against a judgment creditor to recover damages for an unlawful garnishment which the creditor obtained in an attempt to collect a judgment. The judgment was entered in the Circuit Court of Wayne County, and the garnishments were issued from that court. The

5

judgment debtor brought the action against the judgment creditor in Macomb County where the garnishments were served. Michigan law provides that the proper county in which to commence and try an action is the county in which all or part of the cause of action arose. Mich. Comp. Laws Ann. § 600.1627; Mich. Stat. Ann. § 27A.1627. The question before the court was whether any part of the plaintiff's cause of action arise in Macomb County.

In reversing the trial court's denial of defendants' request for change of venue, the court said:

> In the case at bar, the wrong, if any, was garnishment in Wayne County and the incidental damages that occurred in Macomb County were not part of plaintiff's cause of action, except as elements of damages. Venue in Macomb County was improperly laid, and it was error not to grant defendants' request for change of venue.

*Id.* at 179.

In *Cacciaguidi v. Superior Court*, 226 Cal.App.3d 181, 276 Cal.Rptr. 465 (Cal. Ct. App. 1990), the Court held that the venue of an action for abuse of process may not be brought in the county of the plaintiff's residence on the theory that this is where the process was served and where the injury occurred. The California venue statute allows suit for injuries to the person to be brought in the county where the injury occurs or the county in which the defendant resides. Cal. Code Civ. Pro. § 395.

In *State ex rel. Banta v. Wiesman*, 864 S.W.2d 374 (Mo. Ct. App. 1993), the applicable venue statute, Mo. Rev. Stat. § 508.010 (6) (1986) provided:

> Suits instituted by summons shall, except as otherwise provided by law, be brought:
>
> . . .
>
> (6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties . . . .

Plaintiff, the son of the defendant, sued his father in the Circuit Court of St. Louis County alleging, among other things, abuse of process in connection with a proceeding filed by the father, a resident of Mississippi County, in the Circuit Court of Mississippi County. In the underlying suit, writs were issued from the Mississippi County Circuit Court and served in St. Louis County effecting the son's confinement in mental institutions. The court noted that all of the father's conduct occurred in Mississippi County pursuant to his appointment as guardian in Mississippi County and held that "it is the place of defendant's wrongful conduct, not the place where the effect of that conduct is ultimately felt or realized that is controlling for venue purposes." *Id.* at 376.

In the case at bar, plaintiff does not assert that the process from the Circuit Court of Hickman County was not served in a lawful manner. Each process was utilized for its intended purpose, that is, to obtain lawfully authorized discovery. Plaintiff's claim rests solely on her assertion that the discovery proceedings were for the purpose of harassing the plaintiff and coercing her into paying the Hickman County judgment against her husband. Plaintiff argues that a cause of action for abuse of process arises when and where process is served, because that is when the cause of action becomes complete. Therefore, plaintiff argues that her cause of action arose in Maury County. We do not agree.

Under plaintiff's theory in the case at bar, if plaintiff has a cause of action for abuse of process, then that cause of action arose in Hickman County where the process was issued. If defendants committed a wrongful act in connection with the process, then they committed that act in Hickman County by virtue of having the process issued in the first place. The fact that the effects of that wrongful act were felt in Maury County through the allegedly harassing

7

discovery procedures does not cause plaintiff's abuse of process action to arise in Maury County.

Accordingly, the order of the trial court dismissing plaintiff's suit for improper venue is affirmed. Costs of appeal are assessed against the appellant.

_____
W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.

_____
ALAN E. HIGHERS, JUDGE

_____
HEWITT P. TOMLIN, JR.,
SENIOR JUDGE