Louis S. GRAY, Appellant,

v.

Robert Clarence WALLACE, Administrator of the Estate of Maude Jenkins, a/k/a Maude Keller, Deceased, Respondent.

No. 46760.

Supreme Court of Missouri,

Division No. 1.

Dec. 8, 1958.

Motion for Rehearing or to Transfer to Court en Banc Denied Jan. 12, 1959.

Frederick J. Freel, Kansas City, for appellant.

Carl H. Willbrand, Kansas City, for respondent.

COIL, Commissioner.

Appellant (plaintiff below) brought an action against Maude Jenkins in two counts; in the first he claimed $7,500 as actual and a like amount as punitive damages for alleged false imprisonment, and in the second he claimed damages in like amounts for alleged malicious prosecution. Paragraph 3 of each count alleged that by reason of the false imprisonment and of the malicious prosecution, respectively, plaintiff was caused to suffer "great mental anguish, humiliation and disgrace, and that he has been greatly injured in his good name and reputation."

Maude Jenkins died after answering. Upon suggestion of her death, present respondent Wallace, as administrator of her estate, was substituted as defendant and, on motion, both counts were dismissed. Plaintiff has appealed from the judgment but contends only that the trial court erred in dismissing the malicious prosecution count.

■ The sole question here is whether, by virtue of Sections 537.020 and 537.030 RSMo 1949, V.A.M.S., an action for malicious prosecution does not abate by reason of the death of a party. At common law an action or a cause of action for malicious prosecution abated on the death of a party. 1 C.J.S. Abatement and Revival § 145 e, p. 200. Thus, if the action for malicious prosecution in count 2 of plaintiff's petition did not abate, it is by reason of the language of Sections 537.020 and 537.030. In so far as pertinent, those provide (§ 537.020): "Causes of action for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued;  *  *". (§ 537.030): "Sections 537.010 and 537.020 shall not extend to actions for slander, libel, assault and battery or false imprisonment."

■ There have been many and diverse constructions placed upon the terms "per-

sonal injuries" and "injuries to the person." As pointed out in 43 C.J.S. Injury, p. 1115, "personal injuries" in a broad sense has been construed to mean a personal wrong, while in a more restrictive sense has been construed to mean "bodily injuries," and as also there pointed out, "Specifically, 'personal injury' has been defined as including libel, slander, criminal conversation, seduction, and malicious prosecution; also assault, battery, false imprisonment, or other actionable injury to the person." For some of the many cases construing the terms "personal injuries" and "injuries to the person," as used in various statutes, and, in some instances, with reference to malicious prosecution, see Martin v. Derenbecker, 116 La. 495, 40 So. 849, 851; Morton v. Western Union Tel. Co., 130 N.C. 299, 41 S.E. 484, 485; Stanley v. Petherbridge, 96 Colo. 293, 42 P.2d 609; Reed v. Real Detective Publishing Co., 63 Ariz. 294, 162 P.2d 133, 139 [15]; Lucas v. Lucas Ranching Co., 18 Cal. App.2d 453, 64 P.2d 160, 161 [2, 3]; and Plum v. Newhart, 118 Cal.App. 73, 4 P.2d 805, 806 [2, 3].

Thus, in construing the language of the sections here involved, we have in mind that the term "action for personal injuries" may or may not include actions for malicious prosecution, and we must, if possible, determine the meaning which our legislature intended by the use of the term "personal injuries" in Section 537.020 when that section is construed in connection with Section 537.030. If we were construing Section 537.020 alone and without reference to the following section, we would be inclined to the view that "personal injuries," as there used, was meant to describe bodily injuries to the person resulting from trauma and injuries to the person resulting from disease or other harm to health occurring without trauma; that is to say, the expression "person of the injured party" might be said to be tantamount to saying "to the body of the injured party" and the reference to the "health * * * of the injured party" was inserted to make sure injuries such as occupational diseases were not excluded.

As stated, however, we may not determine the meaning of "personal injuries" as used in Section 537.020 without considering the effect of Section 537.030 and construing those two sections together. It is apparent that, as contended by appellant, Section 537.030 has specifically excepted from the actions which are not to abate by reason of the provisions of Section 537.020, actions for slander, libel, assault and battery, and false imprisonment. It would appear that by specifically excepting those named actions and in failing to name as an exception the action for malicious prosecution, the legislature indicated clearly what it meant by the expression "personal injuries" as used in Section 537.-020, and indicated just as clearly that only those actions specifically named were to be excepted from those which do not abate. In other words, when Sections 537.020 and 537.030 are construed together, it is clear that the legislature used the expression "personal injuries" in Section 537.020 in its broadest and most comprehensive sense because, by excepting the named actions, it demonstrated that it intended to include as "personal injuries" actions such as those named, viz., false imprisonment, slander, and libel, which are actions for injuries to personal rights as distinguished from actions for injuries to the body of the person. It must follow that the legislature intended that the term "personal injuries" was to include all actions for injuries to the person whether to the person's rights or to his body. For some reason, the legislature did not include as exceptions to the "personal injury" actions which were not to abate by reason of Section 537.030, actions for malicious prosecution, criminal conversation, seduction, and perhaps others which are actions to recover for injuries to personal rights as distinguished from injuries to the person as such.

We think the conclusion is inescapable that when the effect of Section 537.030 is considered, Section 537.020 must be read as though it said in part, "Causes of action for personal injuries, other than those resulting in death, whether such injuries

be to the health or to the person of the injured party [except actions for slander, libel, assault and battery or false imprisonment], shall not abate by reason of his death," etc. (Bracketed insert is language from Section 537.030 added to the present language of Section 537.020.) When the sections are so read in combination, it seems crystal clear that malicious prosecution is a "personal injury" within the meaning of Section 537.020, and that it is not excepted by Section 537.030 from those actions which do not abate.

■ It is true that actions for malicious prosecution and false imprisonment are the same type of actions in that the gist of each is for injury to one's personal rights as distinguished from an injury to his person. Kearney v. Mallon Suburban Motors, Inc., 23 N.J.Misc. 83, 41 A.2d 274, 276 [3, 4]; 54 C.J.S. Malicious Prosecution § 4, p. 956; 35 C.J.S. False Imprisonment § 5, p. 505; Coffman v. Shell Petroleum Corp., 228 Mo.App. 727, 71 S.W.2d 97, 98 [1]. But, while the general nature of those actions is the same, there are fundamental distinctions between them, 35 C.J.S., supra, § 2, p. 502, 503, § 4, p. 503; Coffman v. Shell Petroleum, supra, so that it reasonably may not be said that the legislature meant that "false imprisonment" was to include "malicious prosecution."

■ We readily agree with respondent that the legislature probably did not intend to provide that actions or causes of action for false imprisonment (which may include false arrest) abated, while an action for malicious prosecution would not abate. We must, however, determine the legislative intent from what the legislature said and not from what we think the legislature intended to say or inadvertently failed to say.

Speculating as to how it came about that malicious prosecution, and perhaps other actions, were not named in Section 537.030 as exceptions to causes of action for "personal injuries" which were not to abate, we may point out that until 1949 present Sections 537.010 and 537.030 were, respectively, Sections 98 and 99 and were included among the sections under the chapter on Administration, and that present Section 537.020 was Section 3280 RSMo 1929 (Section 3670, 1939); that Section 98 provided that actions for wrongs done to property rights or to the interest of another were not to abate because of the death of either party, and Section 99 provided that the preceding section (98) should not apply "to actions for slander, libel, assault and battery or false imprisonment, *nor to actions on the case for injuries to the person of the plaintiff, * * *."* (Italics ours.) It had been held that Section 3280, 1929 (present Section 537.020) partially repealed Section 99 (present Section 537.030) inasmuch as Section 99 excepted as actions which should not abate all "actions on the case for injuries to the person," but Section 3280 RSMo 1929 provided that actions for personal injuries should not abate. Burg v. Knox, 334 Mo. 329, 67 S.W.2d 96, 97–99. And, apparently, when the three sections, 537.010 (formerly 98), 537.020 (formerly 3280 and 3670), and 537.030 (formerly 99) were to be placed as consecutive sections under the chapter on Torts and Actions for Damages in the 1949 statutes, the legislature repealed Section 99 (H.B. 2135, 1949) and enacted new Section 537.030, which restated the first portion of former Section 99 and dropped the part relating to "actions on the case for injuries to the person." In so doing, however, the legislature did not add to the actions specifically listed in Section 99 (slander, libel, assault and battery or false imprisonment) and set over into present Section 537.030, other actions for injuries to personal rights which probably were priorly included within the general exception of Section 99, "actions on the case for injuries to the person," and perhaps the failure to so do was inadvertent.

■ But however much that or other speculation may serve to explain, the fact remains that we must construe the language of present Sections 537.020 and 537.030 as it plainly appears, and, so doing, we hold

that malicious prosecution is a "personal injury" within the meaning of Section 537.020, that it is not excepted from Section 537.020 by the provisions of Section 537.030 and, therefore, an action or a cause of action for malicious prosecution does not abate by reason of the death of a party.

Defendant relies upon Johnston v. Savings Trust Co. of St. Louis, Mo., 66 S.W. 2d 113. There, plaintiff claimed defendant bank had refused to pay checks he had written on his account in which there was sufficient money to pay them, that defendant indicated in writing that there was not sufficient money when defendant well knew to the contrary, and that defendant made known its acts and statement to the payees and to the public and thereby "plaintiff's reputation for solvency and honesty were greatly injured and he was greatly disgraced and humiliated in the estimation of said persons who presented said four checks and the rest of the public at large who knew plaintiff and he was caused to be greatly pained and humiliated," (66 S.W.2d 114) for which plaintiff sought $15,000 actual and $10,000 punitive damages. The jury found for defendant, and, while his motion for new trial was pending, plaintiff died.

The question, of course, was whether the action abated upon plaintiff's death. This court said that the action there (which it construed to be libel) "was obviously not for injuries to plaintiff's health or person" within the meaning of the language of Section 3280 RSMo 1929 (66 S.W.2d 114), which, in so far as here pertinent, was identical with the language contained in present Section 537.020. That statement, however, was made upon a consideration of then Section 3280 (present Section 537.020) standing alone, or in connection with then Section 99 which, as we have shown, was different from present Section 537.030. The court in the Johnston case did not state or pretend to determine the meaning of "personal injuries" as used in present Section 537.020 when that section is construed with Section 537.030.

Respondent contends that even if, as we have held, an action for malicious prosecution does not abate, a claim for exemplary damages does not survive the death of an alleged tort feasor and, consequently, the prayer for such damages should be stricken from plaintiff's petition. No such question is properly before us on this appeal.

It follows that the trial court's judgment, in so far as it dismissed count 2 of plaintiff's petition, is reversed and the case is remanded for such further proceedings as the parties may choose to take.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.