Honorable Frank Bild State Senator, 15th District 7 Meppen Court St. Louis, Missouri 63128
Dear Senator Bild:
This opinion is in response to your question asking:
 "Senate Substitute for House Bill 101 passed by the 79th General Assembly, Section 2.070, provides that `Each board of election commissioners shall have the right to employ such attorneys and other employees as may be necessary to promptly and correctly perform the duties of the board. Where an electronic voting system or voting machines are used, the board shall designate competent employees to have custody of and supervise maintenance of the voting equipment. Board employees shall be subject to the same restrictions and subscribe the same oath as members of the board, except that no employee of a board shall be required to post bond unless directed to do so by the board. Employee oaths and any bonds shall be filed and preserved in the office of the board.'
 "Section 2.075 provides `Employees of each board shall be selected in equal numbers from the two major political parties. Each board may adopt regulations to govern the hiring, probationary period, tenure, discipline, discharge and retirement of its employees.'
 "In reading these two Sections together, the question is whether or not the Board of Election Commissioners is obligated to employ a Democrat attorney and a Republican attorney as provided in the second paragraph (Section 2.075)."
You further state:
 "Presently, the Board of Election Commissioners in the various parts of the state have traditionally employed one attorney from the party represented by the Governor of the state. The question has arisen as to whether or not the new law provided by S.S.H.B. 101 now mandates that there should be an attorney representing each of the two major political parties. There seems to be no doubt as to all other employees, that they should be divided equally. The question has arisen whether this requirement also applies as far as the attorney is concerned."
In our view there is no ambiguity in the provisions quoted. The construction of a statute must be determined by what the legislature has said and not by what it is thought the legislature intended to say. Gray v. Wallace, 319 S.W.2d 582 (Mo. 1958). Therefore, attorneys are considered "employees" under such sections.
There is a question, however, as to whether the selection in "equal numbers" means merely the employment of equal numbers of employees without regard to position classification or the employment of equal numbers of like classification. We believe that the clear provisions of the Act require the employment of only "equal numbers" of employees and not of equal numbers of employees in identical or similar positions. Therefore, while the employment of an attorney would be considered in determining the number of employees from each party, it is not necessary to employ two attorneys if one attorney is employed. Selection of employees must, of course, be consistent with the limitations respecting hiring of employees under Section 2.080 of the Act.
CONCLUSION
It is the opinion of this office that after January 1, 1978, the effective date of Senate Substitute for House Bill 101, First Regular Session, 79th General Assembly, (the Comprehensive Election Act of 1977), attorneys employed by the boards of election commissioners are considered employees within the provisions of Section 2.075 of that Act which requires that employees of each board be selected in equal numbers from the two major political parties. Selection in equal numbers, however, does not require equal Selection according to position classification.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN ASHCROFT Attorney General