Gary WHITE, Appellant,

v.

Robert J. WALSH, Appellee.

No. 80–1615.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1981.

Decided May 15, 1981.

Edward F. Reilly, St. Louis, Mo., for appellant Gary White.

Evans & Dixon, Ralph C. Kleinschmidt, Edward S. Meyer, St. Louis, Mo., for appellee Robert J. Walsh.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Gary White appeals from an order of the United States District Court for the Eastern District of Missouri granting the defendant's motion to dismiss and denying the plaintiff's motions for leave to file an amended complaint and for appointment of counsel. We reverse and remand with instructions.

I

In June, 1979, White filed a *pro se* complaint in federal district court alleging that his civil rights were violated by the conspiratorial acts of a state court trial judge, Lackland Bloom, a state prosecutor, Daniel Murphy, and a court-appointed public defender, Robert Walsh. White alleged that the three men conspired together to impanel an all-white jury over his objections and during his enforced absence. The district court dismissed White's complaint in its entirety, reasoning that all three defendants were immune from suits brought under 42 U.S.C. § 1983.

This Court reversed the trial court's ruling as it related to Walsh's immunity. *White v. Bloom,* 621 F.2d 276, 280 (8th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980), —— U.S. ——, 101 S.Ct. 882, 66 L.Ed.2d 816 (1981). Following the Supreme Court's directions in *Ferri v. Ackerman,* 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979), we ruled that "the federal common law immunity available to prosecutors and judges is not available to Court appointed attorneys." *White v. Bloom, supra,* 621 F.2d at 280.

In *White v. Bloom, supra,* we also adopted the rationale of the Seventh Circuit in *Sparkman v. McFarlin,* 601 F.2d 261 (7th Cir. 1979) (en banc). We stated that it is proper to "sustain complaints against private persons who conspire with immune public officials if the allegations of conspiracy are sufficiently specific." *White v. Bloom, supra,* 621 F.2d at 281. We expressed no view regarding the sufficiency of White's complaint, and remanded the case to the district court to address that question.

On remand, the district court determined that White's complaint lacked the required specificity and, therefore, granted Walsh's motion to dismiss. White moved to amend his complaint to add a party defendant and requested the appointment of counsel. Leave to file an amended complaint was denied because, in the trial court's view, the addition of a party would not cure the factual deficiencies in White's complaint. The district court's disposition of the defendant's motion to dismiss necessitated the denial of White's motion for appointment of counsel.

Because we determine that White's complaint was sufficiently specific and stated a claim for relief under 42 U.S.C. § 1983, we reverse the order of the district court and remand with directions to appoint competent counsel and reconsider White's motion for leave to amend.

## II

In *White v. Bloom, supra,* we stated that "White's complaint, assuming his allegation of conspiracy is sufficiently specific, relates facts that possibly could entitle him to relief" under 42 U.S.C. §§ 1983 and 1985. 621 F.2d at 279. We noted that a court must read a *pro se* complaint with great liberality, and that "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Id.* at 278–279 (quoting *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir. 1974)).

While it is true we stated that White's complaint must be sufficiently specific, that standard was not intended to be an insurmountable barrier. Whether sufficiently specific facts are alleged in any case must ultimately be determined on a case-by-case basis. We are mindful that "[c]onspiracies are by their nature usually clandestine. It is unlikely that a plaintiff in a conspiracy case will be able to provide direct evidence of a conspiratorial agreement. Thus, such evidence is not necessary to prove that a civil conspiracy existed." *Sparkman v. McFarlin, supra,* 601 F.2d at 278 n.19 (Swygert, J., dissenting). Accordingly, depending upon the conspiracy alleged in any particular case, the complainant may or may not be in a position to allege with precision the specific facts giving rise to the claim.

The complaint in *Sparkman v. McFarlin, supra,* alleged that "the actions of the defendants 'in concert and with the common goal and result of sterilizing' the plaintiff deprived her of her constitutional rights." 601 F.2d at 268. It further alleged that "the doctor who performed the sterilization operation did so 'with the knowledge, approval, acquiescence, aid and assistance of each of the other defendants.'" *Id.* (footnote omitted). The Seventh Circuit ruled that these allegations were insufficient. The Court reasoned that there "must be allegations that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding," and "some factual allegations suggesting such a 'meeting of the minds.'" *Id.*[1]

---

1. The majority in *Sparkman v. McFarlin,* 601 F.2d 261 (7th Cir. 1979) (en banc) joined in a per curiam opinion affirming the order of the district court dismissing the plaintiff's § 1983

■ Reading White's complaint expansively, we determine that he has properly stated a claim for relief. White alleges that Judge Bloom, prosecutor Murphy and defense counsel Walsh used their offices to invidiously deprive White of his federal constitutional rights. White claims that all three defendants conspired together to conceal an unlawful arrest and obtain a criminal conviction. He states that he instructed his lawyer that he wished to be present during jury selection and told his lawyer not to proceed with any aspect of the trial without White being present. White asserts that Judge Bloom allowed White to be removed from the courtroom during jury selection. No reason was given to White for his forced absence.[2] White claims that when he was returned to the courtroom, the jury had already been chosen; it was an all-white jury.

White further alleges that he complained to the court about his forced absence and about the all-white jury. He also requested the court to appoint new counsel. The court refused to alter the jury and denied White's request for a new attorney.

White's complaint concludes that Judge Bloom, prosecutor Murphy and defense counsel Walsh conspired together to have White removed during the jury selection process and that there was a meeting of the minds in this respect. This all transpired when Walsh was locked up in a courthouse cell—while he was available and wished to be present. Finally, White asserts that defense counsel Walsh mischaracterized the defendant's objection to the jury panel that was chosen, and that prosecutor Murphy falsely stated that White was present throughout voir dire of the witnesses. White explains a portion of the transcript certifying his presence as fabrication.

The crux of White's conspiracy case is that while he was in the courthouse cell, the three defendants conspired to impanel an all-white jury. Obviously, White was never in a position to adduce or allege firsthand knowledge of the necessary meeting of the minds. White did, however, state sufficient facts to give rise to the inference that there was such a meeting of the minds. Accordingly, the district court erred by dismissing White's complaint for lack of specificity.

■ Our holding is based only upon a determination that White's complaint states facts sufficiently specific to withstand a motion to dismiss.[3] We need not and do not determine whether there is any merit to the allegations or whether a full trial on the merits is necessary. The defendant obviously retains the right to proffer affidavits in support of a motion for summary judgment and the district court may, of course, grant such a motion upon a proper showing.[4]

complaint. The majority's reasoning is set out in the concurring opinions written by the judges in the majority. While the concurring opinions each phrase the standard differently, it is essentially the majority view that the plaintiff in that case failed to allege sufficiently specific facts to support her civil rights claim.

2. There is nothing in the record to show that he was forced to be absent as a result of his misbehavior.

3. Cf. Winfrey v. Brewer, 570 F.2d 761, 765 (8th Cir. 1978); Dodson v. Haugh, 473 F.2d 689, 690–691 (8th Cir. 1973). See also Harley v. Oliver, 539 F.2d 1143, 1146 (8th Cir. 1976); Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974); Floyd v. Trice, 490 F.2d 1154, 1156–1158 (8th Cir. 1974).

4. After counsel had filed their briefs but before argument in this case, the Court was advised of the fact that defense counsel Walsh had died. Walsh's professional insurance carrier suggests that White's civil rights claim does not survive the death of Walsh. We disagree. It is a matter well decided that state survivorship statutes that reverse the general common law rule that abates causes of action properly apply in a § 1983 context. See Duchesne v. Sugarman, 566 F.2d 817, 821 n.2 (2d Cir. 1977); Spence v. Staras, 507 F.2d 554, 557 (7th Cir. 1974); Pritchard v. Smith, 289 F.2d 153, 158 (8th Cir. 1961). In Pritchard, we specifically ruled that a plaintiff's civil rights claim survived the death of the defendant under Arkansas law. 289 F.2d at 158–159.

The Missouri statutes provide that most causes of action for personal injuries survive the death of either party. Mo.Ann.Stat. § 537.020 (Vernon). Only certain torts are not covered by the general rule of survivorship: slander, libel, assault and battery or false imprisonment. Mo.Ann.Stat. § 537.030 (Vernon). The Missou-

While 28 U.S.C. § 1915(d) does not compel the appointment of counsel in every case, federal courts are empowered by that statute to appoint counsel when circumstances justify it. *Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir. 1971). After careful review of this case, we determine that the overall interest of the proper administration of justice requires appointment of counsel. White's complaint states a colorable claim for relief. He is indigent. The fact that he is presently incarcerated guarantees his inability to investigate the case and obtain favorable evidence. The district court will be aided by the appointment of counsel at all proceedings. These factors clearly justify the appointment of counsel to represent White in the district court. *See Peterson v. Nadler, supra,* 452 F.2d at 757–758; *see also Gordon v. Leeke,* 574 F.2d 1147, 1152–1153 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

Accordingly, the order of the district court is reversed and the case is remanded to it with directions to (1) appoint White counsel who will competently assert his cause, and (2) reconsider White's motion for leave to amend his complaint in the light of this opinion.

---

ri Supreme Court has construed these two statutory provisions as follows:

> We think the conclusion is inescapable that when the effect of Section 537.030 is considered, Section 537.020 must be read as though it said in part, "Causes of action for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party [except actions for slander, libel, assault and battery or false imprisonment], shall not abate by reason of his death * * *."

*Gray v. Wallace,* 319 S.W.2d 582, 584–585 (Mo. 1956).

In *Gray,* the Missouri Supreme Court ruled that a plaintiff's cause of action for malicious prosecution did not abate by reason of the death of the named defendant. The court reasoned that Missouri's general rule of survivorship extended to all actions for injuries to the person "whether to the person's rights or to his body." *Id.* at 583. The court concluded that since the actual tort sued upon was not specifically listed in the statutory section excepting certain torts from the general rule, the cause of action survived the death of the defendant. *Id.* at 585.

At oral argument, the appellee characterized White's complaint as essentially alleging false imprisonment and, thus, specifically excepted from survival status by Mo.Ann.Stat. § 537.030 (Vernon). We cannot agree. White alleges that Walsh and two other actors conspired together to deny him a fair trial by purposefully impaneling an all-white jury. While it might follow that White contends that he was impermissibly convicted and incarcerated, his complaint does not state, as a basis for recovery under § 1983, a claim for false imprisonment.