980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sylvester JONES Appellant,
v.
John D. ASHCROFT, Governor, State of Missouri; Donna
Checkett, Director, Missouri Department of Social Services
Division of Medical Services; John Doe, Director, Missouri
Division of Family Services; and Bettie William,
Caseworker, Missouri Division of Family Services. Appellees.
 No. 92-3159.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 21, 1992.
Filed: November 24, 1992.
 
 Before WOLLMAN, Circuit Judge, HANSEN, Circuit Judge, and BRIGHT, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Sylvester Jones appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We dismiss his appeal as frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 2
 Jones receives general relief and Medicaid benefits. He sued the State of Missouri, the Governor, the directors of several social service agencies, and his caseworker, claiming that the amount of aid he receives is inadequate to meet his needs. Jones challenged as unfair Medicaid regulations which require recipients to make co-payments on prescription drugs, deny reimbursement for over-the-counter medications, and direct pharmacists to use generic drugs when filling Medicaid prescriptions. Jones claimed that he was being denied equal protection because other Medicaid recipients receive more benefits. He also claimed that the defendants had conspired with each other to discriminate against him because he is old, poor, and sick. Finally, Jones accused the defendants of conspiring with pharmacists throughout the state to capriciously deny medications to Medicaid patients.
 
 
 3
 In order to sufficiently plead a conspiracy claim under § 1983, Jones was required to allege facts showing a meeting of the minds. White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981). He failed to do this. Likewise, he failed to support his equal protection claims with allegations of fact showing that he was the victim of purposeful discrimination. See Dickens v. Missouri, 887 F.2d 895 (8th Cir. 1989)(purposeful discrimination is an essential element of an equal protection claim). Jones also failed to state a constitutional basis for his challenge to the fairness of the questioned Medicaid regulations.
 
 
 4
 Although the district court did not dismiss Jones' complaint on the basis of Neitzke v. Williams, 449 U.S. 319 (1989), it is clear that his complaint lacked an arguable basis in law and fact.
 
 
 5
 Accordingly, we dismiss the appeal as frivolous.