82 F.3d 421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert GOERGER, Appellant,
v.
CITY OF ST. CHARLES, Missouri, Appellee,
David King, Defendant,
Evelyn M. Schulte, also known as Evelyn M. Cruz; James
Gooch; R.J. Neville, Officer; Michele A. Cork, Appellees.
 No. 95-3442EM.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 27, 1996.
Decided April 22, 1996.
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Goerger appeals the district court's grant of summary judgment in favor of appellees in Goerger's 42 U.S.C. § 1983 action stemming from Goerger's second arrest and prosecution related to back-to-back incidents of vandalism to a car belonging to Goerger's former wife. Goerger contends he was arrested, detained, and prosecuted without probable cause, various appellees conspired to deprive him of his civil rights incidental to his arrest and prosecution, and the municipal appellee failed to supervise the arresting officer. Goerger also asserted state law claims.
 
 
 2
 Following careful de novo review, we agree with the district court's conclusion that the police officer acted with probable cause, and appellees did not conspire or otherwise violate Goerger's civil rights. The arresting officer was entitled to rely on the information supplied by the victim of the crime, supported by other witnesses, absent some indication the information was not reasonably trustworthy or reliable. See Clay v. Conlee, 815 F.2d 1164, 1168 (8th Cir.1987) (concerning standard of probable cause to arrest); White v. Walsh, 649 F.2d 560, 561-62 (8th Cir.1981) (concerning requirements of conspiracy claim). Summary judgment was properly entered on the supervisory-liability claim because the claim was predicated on Goerger's unlawful-arrest theory. See Moody v. St. Charles Co., 23 F.3d 1410, 1412 (8th Cir.1994). The district court correctly declined to exercise jurisdiction over Goerger's pendent state law claims.
 
 
 3
 Having decided this appeal by the straightforward application of settled principles of law, an extended discussion of the issues will serve no useful purpose. We thus affirm the judgment of the district court.