[Civ. No. 58900. Second Dist., Div. One. Aug. 27, 1981.]

DONALD PITZER, as Executor, etc., Plaintiff and Appellant, v. PAUL SMITH, as Executor, etc., Defendant and Respondent.

**COUNSEL**

Don Edwin Raney and Portley & Sullivan for Plaintiff and Appellant.

O. R. Rouse for Defendant and Respondent.

## OPINION

**DALSIMER, J.**—This is an appeal from an order dismissing appellant's (hereinafter plaintiff) action for wrongful death following the sustaining by the trial court of respondent's (hereinafter defendant) general demurrer to plaintiff's complaint. A judgment sustaining the demurrer without leave to amend was entered subsequent to entry of the order of dismissal.

### FACTS

The complaint in the superior court alleged the wrongful death of a minor, Ryan Pitzer. Donald Pitzer, the plaintiff, is the executor of the decedent's estate. The minor died on April 4, 1978, allegedly as a result of his mother's following instructions in a book concerning the care and feeding of infants. The book in question had been written and published by the defendant's decedent, Adelle Davis Sieglinger. Defendant is the executor of the estate of Adelle Davis Sieglinger. Mrs. Sieglinger died on May 31, 1974, and notice to creditors was duly published in July of 1974. The time for filing claims against the estate terminated prior to the end of 1974. The estate of Adelle Davis Sieglinger is still pending in the trial court, and no petition for final distribution has been noticed.

Defendant's demurrer to the complaint was based upon the grounds that no cause of action was stated by plaintiff's complaint because the plaintiff had failed to present a claim to the defendant estate within the time allowed by the Probate Code. Defendant also demurred on the grounds that the action was barred by the statute of limitations, specifically section 340, subdivision 3, of the Code of Civil Procedure. The trial court sustained the demurrer, without leave to amend, on the stated grounds that no claim was filed pursuant to Probate Code section 720.

### CONTENTIONS OF PLAINTIFF

Although plaintiff makes several contentions on this appeal, the only one that needs to be dealt with, based upon the ruling of the trial court, is the contention that it was not necessary for the plaintiff to file a claim in the estate of defendant's decedent in order to maintain the complaint for wrongful death.

### CONTENTION OF DEFENDANT

Defendant contends that because no claim was timely filed under any of the pertinent Probate Code sections, plaintiff is unable to maintain his action.

*DISCUSSION*

■ The Legislature has provided procedures for establishing claims against the estates of decedents. Division 3, chapter 12, article 1 of the Probate Code sets forth these various provisions. References herein to code sections will refer to the Probate Code unless otherwise designated. During the last 20 years the Legislature has made several changes in the statutes concerning the presentation of claims against decedents' estates. In 1965 the Legislature amended section 709[1] to the code to provide a means to obtain an extension of time within which to present claims for actions pending at the time of the death of the decedent. In 1969 the Legislature added section 720[2] dealing with claims for damages for injuries to, or death of, a person for which no action specified in section 709 was pending at the time of the death of the decedent.

---

[1]Section 709 reads: "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner file his claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had against decedent's estate in the action unless proof is made of such filing or presentation; provided, if the action which is pending is an action for damages and the decedent was insured therefor and the insurer has accepted the defense of the cause and an appearance has been made in such action on behalf of the decedent, no claim shall be required except for amounts in excess of or not covered by such insurance; provided, further, if any action is pending against the decedent at the time of his death and a claim based on such action is not filed or presented within the prescribed period, the court may thereafter allow filing of said claim on such terms as may be just and equitable, upon the claimant's verified petition and notice of hearing given pursuant to Section 1200, if it finds that the claim was not filed or presented previously because neither the claimant nor his attorney had actual knowledge of the decedent's death at least 15 days prior to the expiration of the prescribed period for filing or presenting the claim, but any property distributed pursuant to court order or any payment properly made before notice of such petition shall not be subject to the claim.

"No relief shall be granted unless the petition is filed within a reasonable time after discovery of decedent's death and in any event within one year after the expiration of said prescribed period, and before petition for final distribution has been filed.

"If, at the time of filing the petition hereunder, assets of the estate have been paid to general creditors or some thereof or have been distributed by decree of preliminary distribution to heirs, devisees or legatees (in either case after expiration of the prescribed time for claims), and it appears that the filing and later establishment of the claim, in the circumstances, would cause or tend to cause unequal treatment between heirs, devisees, legatees or creditors, then permission to file the claim shall be denied."

[2]Section 720 reads: "If a claim for damages for injuries to, or death of, a person, for which no action specified in Section 709 was pending at the time of the decedent's death, is not filed within the time otherwise limited by this article, the court, upon application of the claimant made not later than one year after accrual of the claimant's cause of action, and upon such notice and hearing, if any, as the court may order, shall permit the filing of the claim and, if required, appoint or reappoint a personal representative. Neither the filing of the claim pursuant to this section nor its later establishment, in whole or in part, shall make property distributed pursuant to court or-

The pivotal issue in this case is whether section 720 should be construed to encompass actions for damages for injuries or wrongful death that arose after the death of the decedent as well as those actions that had accrued prior to the decedent's death. Predictably, the parties to this action are diametrically opposed as to what should be the proper construction of this statute.

The 1965 amendment to section 709 provided relief for those plaintiffs who had an action pending for damages against a decedent and who failed to file a creditor's claim within the period prescribed by section 707. Thus section 709, under certain conditions, permits the court to allow a late filing of a creditor's claim based on a pending action within a period of one year after the expiration of the prescribed period if no petition for final distribution has been filed. This provision of law, however, is not of any assistance to a person who possessed a cause of action for damages for injuries or wrongful death that had not been filed prior to the death of the decedent. Under section 720, it would appear that someone might have a claim for damages for injuries to, or death of, a person that arose prior to the death of the decedent, and if no action had been filed, such claimant would have a right to apply to the probate court for permission to file the claim as long as his application were made not later than one year after accrual of the said cause of action. This, nevertheless, leaves unanswered the question whether a cause of action that accrues after the death of the decedent may be prosecuted *sans* the presentation of a claim.

It has repeatedly been held that liabilities that arise after the death of a decedent do not require the presentation of a claim prior to the maintaining of an action thereon. (*Miller & Lux, Inc.* v. *Katz* (1909) 10 Cal.App. 576, 578 [102 P. 946]; see also *Hancock* v. *Whittemore* (1875) 50 Cal. 522; *People* v. *Olvera* (1872) 43 Cal. 492.)

As early as 1862 Chief Justice Field, in discussing the precursor of our present claim statutes, wrote: "Whatever signification then may be attached to the term 'claims,' standing by itself, it is evident that in the

der or any payments properly made before notice of such application subject to the claim. The personal representative, distributee, or payee shall not be liable on account of such prior distribution or payment. The court shall impose reasonable conditions upon the filing of the claim to avoid unequal treatment between the heirs, devisees, legatees, or creditors of the estate.

"This section shall not be applicable to claims of public entities under Section 707.5."

Probate Act it only has reference to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money, and upon which only a money judgment could have been rendered." (*Fallon* v. *Butler* (1862) 21 Cal. 24, 32.)

In *Sperry* v. *Tammany* (1951) 106 Cal.App.2d 694, 698 [235 P.2d 847], the court said: "Since the indebtedness was not incurred by decedent in her lifetime it was a matter to be adjusted between defendant and the executor of her estate and the filing of a claim was not required. When a liability arises after the death of the decedent it does not constitute a claim against the estate which is required to be presented for allowance (except funeral expenses and other matters expressly provided in the Probate Code). [Citation.]" In *Newberger* v. *Rifkind* (1972) 28 Cal.App.3d 1070, 1077 [104 Cal.Rptr. 663, 57 A.L.R.3d 1232], the court stated: "The word 'claim' in the Probate Code 'only has reference to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money, and upon which only a money judgment could have been rendered.' [Citation.]"

When the Legislature adopted section 720, did it mean to require that a claim be presented prior to filing an action even though the cause of action arose some period of time after the death of the decedent? In *Union Oil Associates* v. *Johnson* (1935) 2 Cal.2d 727, 734-735 [43 P.2d 291, 98 A.L.R. 1499], the court stated: "It is a cardinal principle of statutory construction that where legislation is framed in the language of an earlier enactment on the same or an analogous subject, which has been judicially construed, there is a very strong presumption of intent to adopt the construction as well as the language of the prior enactment. [Citations.]" This principle has been consistently adhered to and was restated in *Buchwald* v. *Katz* (1972) 8 Cal.3d 493, 502 [105 Cal.Rptr. 368, 503 P.2d 1376]. "[T]he rule of law is well established that where the legislature uses terms already judicially construed, 'the presumption is almost irresistible that it used them in the precise and technical sense which had been placed upon them by the courts.' [Citations.]" (*City of Long Beach* v. *Marshall* (1938) 11 Cal.2d 609, 620 [82 P.2d 362].)

By application of the above rules of statutory construction, it may be inferred that when the Legislature used the word "claim" in section 720, it did so with precisely the same meaning that the word

had acquired through a long continued construction thereof by the courts. Thus it may be deduced that the Legislature, having already provided in section 709 for the situation where a person with an action pending might not become aware of the death of the defendant and thus fail to file a claim, became concerned about the plight of those persons who had a cause of action for damages for injuries to, or death of, a person against a decedent but had not yet filed an action when the intended defendant died. Such a claimant would have, in many instances, no reason to know of decedent's death and might, in the ordinary course of events, not even file, much less attempt to serve, his complaint prior to the expiration of the four-month period after notice to creditors.

A basis for the deduction that the Legislature was seeking to remedy this latter situation is to be found in *Satterfield* v. *Garmire* (1967) 65 Cal.2d 638, 642-643 [56 Cal.Rptr. 102, 422 P.2d 990], where, in footnote 3, the Supreme Court took cognizance of the legislative action amending section 709 and stated that it was difficult to rationalize the limitation in section 709 on the extension of filing the claim to those actions that were pending at death as distinguished from those that had arisen prior to death but had not been commenced until after the decedent's death. The court in *Hurlimann* v. *Bank of America* (1956) 141 Cal.App.2d 801 [297 P.2d 682], likewise remarked on this anomaly. Commentators have written that the enactment of section 720 in 1969 was a response to this judicial prompting. (See 7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, § 415; see also Marshall, *Suits Against Decedents* (1972) 47 State Bar J. 588.)

A careful reading of section 720 does not divulge that the Legislature in any way intended to change the long established meaning of the word "claim" as used in the law concerning the administration of decedents' estates. Nor have we been able to locate any indication extrinsic to the statute that such was the legislative intent. We thus conclude that the Legislature did not alter the practical and continued judicial construction of the term "claim."

Defendant contends that *Fallon* v. *Butler, supra,* 21 Cal. 24, and the long line of cases following the doctrine thereof are limited to claims that arise other than by reason of torts.

It is defendant's position that the claims involved in those cases evolved by operation of law because of passage of title to certain prop-

erty that was a portion of the respective estates. Defendant concedes that none of the cases under discussion refer to this concept of liability incurred by reason of property ownership. Defendant in fact asserts that those various courts' failure to so indicate, or even to so perceive, gives birth to a misleading rule. Parenthetically, it may perhaps in some way be the passage of title of the book involved in the case at bar that creates the liability alleged in this matter. Indeed, this court is not informed when plaintiff's decedent's mother acquired the book, if she did, nor is it revealed whether or not the book was published or republished by the estate. Additionally, defendant advances no reason why a liability arising from tort should, in the context of administration of decedents' estates, be treated differently than a liability arising from some other cause. Defendant contends that there is no sound reason to deny the benefits of the claim statutes to estates and beneficiaries merely because of the relationship between the date of the accrual of the cause of action and the date of death of the decedent. This argument should be addressed to the Legislature rather than to the courts.

Defendant contends that the estate should have had an opportunity to investigate and perhaps to pay a claim for the injury here sued upon. He cites *Radar* v. *Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17], for this proposition. The portion paraphrased by defendant appears at page 249 as follows: "We again quote the language of *Preston* v. *Knapp* (1890), *supra*, [85 Cal. 559 (24 P. 811)] 'The object of the statutory requirement of presentation and rejection of claims against estates, as a condition precedent to the commencement of suits upon them, is to save to estates of deceased persons the costs and expenses of useless suits,— suits to recover what would have been allowed and paid by the executor . . . without suit.'" On the next line of the opinion, however, the court said: "We add, 'When the reason of a rule ceases, so should the rule itself.' (Civ. Code, § 3510.)" (*Ibid.*) That rationale is extant in this case. Plaintiff had attempted to file a claim in the superior court but had filed it with his complaint as a civil rather than as a probate matter. At the instance of defendant, plaintiff was required to attempt to refile under a probate number but the time within which to file had by then elapsed. Had defendant wished "to save . . . the costs and expenses of useless suits" he could certainly have done so.

In reaffirming that the liability that arises after the death of the decedent does not constitute a claim against the estate that is required to be presented for allowance, we are not unaware of the dictum in *Estate*

*of Hoertkorn* (1979) 88 Cal.App.3d 461, 466-467 [151 Cal.Rptr. 806]. It is there stated by the court: "Most claims against a decedent's estate will have *accrued before* the death of the decedent, in which event section 720 will not apply, or the claim will be discovered and filed within the four-month claim period." (Italics in original.)

The facts in *Hoertkorn* were that the appellant therein attempted to file a claim against Hoertkorn's estate on the grounds that the decedent, a certified public accountant, some 14 years prior to his death had defrauded her in a transaction concerning stock in a company in which she was financially involved and for which decedent was the accountant. Decedent had also been the personal accountant of appellant at the time of the alleged fraud and continued as such until his death. The time for filing claims against Hoertkorn had expired five months prior to the discovery by appellant of the alleged fraud. Her application to file a late claim was denied by the trial court, apparently on the grounds that the injuries complained of did not come within the provisions of section 720, and she appealed. The *Hoertkorn* court stated: "The naked issue therefore is does the phrase in section 720 'injuries to . . . a person' encompass *only physical* injuries to a person, or does it embrace the concept of a fraud perpetrated upon a person?" (Italics in original.) (88 Cal.App.3d 461, 465.) The court concluded that the phrase "injuries to a person" did in fact include claims arising from fraud.

It would appear that the rule reiterated in *Sperry* v. *Tammany, supra*, 106 Cal.App.2d 694, that a liability that is incurred by a decedent prior to death must be the subject of a claim presented during the period set forth in section 707 would bar the claim made in *Hoertkorn, supra*, 88 Cal.App.3d 461. That is, the alleged fraud undoubtedly gave rise to a liability on the part of the decedent at its inception. The *Hoertkorn* court, however, pointed out that by virtue of section 338, subdivision 4, of the Code of Civil Procedure, a cause of action on the ground of fraud, "would not [be deemed to] accrue until [the] discovery [by the aggrieved party] of the facts constituting [the] fraud. (*Hoertkorn, supra*, at p. 464. Except for the circumstance of the statutorily delayed commencement of the period of limitation of action, *Hoertkorn* is strikingly similar to *Hurlimann* v. *Bank of America, supra*, 141 Cal.App.2d 801. In *Hurlimann* there was a delay in discovering the alleged medical malpractice of decedent until after the time to file a claim against the deceased doctor's estate had expired.

*Estate of Hoertkorn* is a case that clearly comes within the purview of section 720 of the Probate Code. The liability existed at the time of death. No action was pending at the time of the decedent's death. No action was filed within the time otherwise limited by the Probate Code. The application of the claimant was made not later than one year after the accrual of the claimant's cause of action. Even had appellant in *Hoertkorn* discovered the fraud prior to that decedent's demise and had she not, prior to said demise, filed an action thereon, section 720 would have applied, provided of course that she had applied to file a late claim within one year of her discovery of the fraud.

## CONCLUSION

We hold that section 720 was intended by the Legislature to apply to those cases where a cause of action had arisen for damages for injuries to, or death of, a person prior to the death of the decedent but where no action thereon had been filed prior to such death. We further hold that the long standing rule that no creditor's claim need be filed for liabilities arising after the death of the decedent (other than for funeral bills) applies to liabilities for tort.

The order of dismissal and the judgment based thereon are reversed, and the court is directed to overrule the demurrer.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

On September 23, 1981, the opinion and judgment were modified to read as printed above.