TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

----------------------------------------------------------------

|  |  |  |
|---|---|---|
| OPINION | : | No. 87-901 |
| | : | |
| of | : | <u>DECEMBER 16, 1986</u> |
| | : | |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| : | | |

----------------------------------------------------------------

THE HONORABLE L.B. ELAM, COUNTY COUNSEL, SACRAMENTO COUNTY, has requested an opinion on the following question:

Under the County Employees Retirement Law of 1937, when the retirement board has appointed its own staff, does "the entire expense of administration of the retirement system" to be charged against the earnings of the retirement fund include the cost of services provided by other county offices and departments for the benefit of the retirement system?

CONCLUSION

Under the County Employees Retirement Law of 1937, when the retirement board has appointed its own staff, "the entire expense of administration of the retirement system" does include the services provided by other county offices and departments for the benefit of the retirement system.

ANALYSIS

The County Employees Retirement Law of 1937 is found in section 31450 et seq. of the Government Code.[1]  With respect to the budget for and expenses of administration of the

---

[1]All section references are to the Government Code unless otherwise indicated.

retirement system, that law has provided since its enactment (see Stats. 1937, ch. 677, § 60) as is presently provided in section 31580. That section states:

> "The board of supervisors shall appropriate annually from the proper county funds the amount necessary to defray <u>the entire expense of administration of the retirement system</u> based upon budget estimates prepared by the treasurer." (Emphasis added.)

In 1973 the Legislature enacted sections 31580.2 and 31522.1 (Stats. 1973, ch. 269) providing alternative procedures for 1937 Act counties. Section 31580.2 now provides:

> "In counties where the board of retirement and board of investment have appointed personnel pursuant to Section 31522.1, the respective boards shall annually adopt a budget covering <u>the entire expense of administration of the retirement system</u> which expense shall be charged against the earnings of the retirement fund. The expense incurred in any year shall not exceed eighteen-hundredths of 1 percent of the total assets of the retirement system. . . ." (Emphasis added.)[2]

Accordingly, in counties which avail themselves of the provisions of sections 31580.2 and 31522.1, the retirement system is granted a degree of autonomy which it did not previously have.[3] The retirement board will appoint its own staff and will also adopt its own budget independent of the board of supervisor's budget.

However, this degree of autonomy does not mean that the retirement system will no longer be a part of county government. It will remain an integral part thereof. This is highlighted

---

[2]Section 31522.1 provides:

> "The board of retirement and both the board of retirement and the board of investment may appoint such administrative, technical, and clerical staff personnel as are required to accomplish the necessary work of the boards. The appointment shall be made from eligible lists created in accordance with the civil service or merit system rules of the county in which the retirement system governed by the boards is situated. The personnel shall be county employees and shall be subject to the county civil service or merit system rules and shall be included in the salary ordinance or resolution adopted by the board of supervisors for the compensation of county officers and employees."

[3]As to all 1937 Act counties, the law provides: "Except as otherwise delegated to the board of investment and except for the statutory duties of the county treasurer, the management of the retirement system is vested in the board of retirement consisting of five members, one of whom shall be the county treasurer. . . ." (§ 31520; see also Stats. 1937, ch. 677, § 55.)

in section 31522.1 itself where staff appointments are to be made from county civil service, the salaries of the staff are to be included in the county salary ordinance, and the staff are still county employees. Additionally, the law will still require certain county officers such as the auditor, the treasurer, the county counsel, and the county health officer to perform services for the retirement system. (See generally, §§ 31529, 31530, 31588, 31589.) Finally, numerous other services not performed by the retirement board's office staff will, of necessity, be performed by other county personnel for the retirement system.[4]

The issue presented herein is what happens in a county such as Sacramento County, where the retirement board avails itself of sections 31522.1 and 31580.2 with respect to self-administration. Does "the entire expense of administration of the retirement system" as used in section 31580.2 include the services provided to the retirement system by other county departments and county officers? Of specific interest to the requester are services which the 1937 Act mandates shall be performed by county officers such as by the treasurer, auditor, county counsel and county health officer. Also of specific interest to the requester are the cost of services over which its retirement board believes it has no fiscal control, such as data processing, purchasing, messenger service, election and surplus property management.

Returning to the language of sections 31580 and 31580.2 we note that section 31580 provides that the "entire expense of administration of the retirement system" is appropriated "from the proper county funds" whereas section 31580.2 provides that "the entire expense of administration of the retirement system" is to be "charged against the earnings of the retirement fund." In 1973, when section 31580.2 was added to the law, the 1937 Act did not define nor designate what were "the proper county funds" which were to bear the cost of administering the retirement system. Nor did the 1937 Act define or designate what costs were to be considered in the phrase "the entire expense of administration of the retirement system." Nor does the law presently explain the meaning of that phrase either for the purposes of either section 31580 or section 31580.2. The Legislative history of Assembly Bill 470, which added sections 31580.2 and 31522.1 to the 1937 Act is, however, helpful to clarify these matters.

In his letter to the Governor dated July 9, 1973, Assemblyman Bill Bond, the author of A.B. 470, 1973 Legislature, which enacted section 31580.2, stated inter alia:

"2. Effect of Bill. The bill will save California taxpayers some $30 million over the next decade;

"3. Features of Bill. (a) Transfers cost of operating county pension systems from general property taxes to the investment earnings of these systems. . .

"4. Precedent. Most major governmental retirement systems already function

---

[4]For additional examples of the continuing integration with county government, see, e.g., sections 31453, 31454, 31520.1, 31525, 31581, 31582, 31584, 31588, 31589.

precisely as I am proposing for counties. This includes the massive federal system, the State Public Employees' Retirement System, the State Teachers' Retirement System, the Los Angeles City Retirement System, and _most_ _other_ _states_. (Emphasis in original.)

See also Enrolled Bill Memorandum To Governor on A.B. 470, dated July 11, 1973, which states in part:

> ". . . PERS [the Public Employment Retirement System] notes that bill parallels provisions applicable to the support of both PERS and STRS [the State Teachers' Retirement System] except that the state systems are subject to the general state budgetary controls."

Thus, when section 31580.2 was enacted, the administrative interpretation of the term "proper county funds" as the source for financing the administration of the county retirement system under section 31580 appears to have been the general funds of the county which were derived from tax revenues.[5] This comports with the administrative practice in Sacramento County, when it adopted sections 31580.2 and 31522.1. All costs of any nature whatsoever, direct or indirect, were borne by the general funds of the county. This included all the costs questioned herein.

However, the crucial issue herein is what costs are encompassed by the phrase "the entire expense of administration of the retirement system" as used in sections 31580 and 31580.2. Whatever the proper meaning is, that phrase should be given the same meaning in both sections. (See, e.g., Stillwell v. State Bar (1946) 29 cal.2d 119, 123; People v. Hill (1980) 103 Cal.App.3d 525, 533, fn. 4.) In this respect, the legislative history discussed above is significant. That history demonstrates that the new law with respect to counties was intended to parallel the law with respect to PERS and other existing retirement systems.

That the Legislature had the PERS law in mind when it enacted section 31580.2 is graphically illustrated by a comparison of section 31580.2 as it was enacted in 1973 and section 20202.5, relating to the Public Employees' Retirement System, as it read in 1973. Section 20202.5 provided as to PERS:

> "Costs of administration of the system shall be paid from funds appropriated from interest income from the Retirement Fund beginning with the fiscal year 1959-60; provided, that the amount of income so appropriated may not exceed ten-hundredths (0.10 of 1 percent in any fiscal year ending prior to July 1, 1972, and thirteen-hundredths (0.13) of 1 percent in any subsequent fiscal year of the investments of the Retirement Fund at book value as of the close of the preceding fiscal year." (Stats. 1971, ch. 895, emphasis added.)

---

[5]We therefore need not determine herein whether "the entire expense of administration" of the retirement system might have been properly chargeable to the retirement fund itself. (See § 31588.2; cf § 20203.3, state retirement system.)

Section 31580.2, as originally enacted, provided:

> "In counties where the board of retirement and board of investment have appointed personnel pursuant to Section 31522.1, the entire expense of administration of the retirement system shall be charged against the earnings of the retirement fund. The charge shall not exceed one-tenth of 1 percent of the total assets of the retirement system." Emphasis added.[6]

With respect to how section 20202.5 has been applied, we are advised as follows by the Public Employees' Retirement System:

> "PERS participates in the state budget process; however, PERS pays all costs of administering the System from interest income pursuant to Government Code section 20202.5. The costs include all direct costs and all cost directly controlled by the Board of Administration. The costs also include all costs not directly controlled by the Board, such as the pro-rata charges developed by the Department of Finance for services of that department and of the State Controller, the State Treasurer, the Department of General Services, and other departments and agencies of the state which provide services to the state agencies and to PERS."

Thus, the phrase "costs of administration" in section 20202.5 has been given a broad application so as to encompass apparently all direct and indirect administrative and operating costs of the state retirement system.

> "It is the usual rule of statutory construction that words or phrases in a provision that were used in a prior act or closely related act pertaining to the same subject will be construed to be used in the same sense. (2 A Sutherland, Statutory Construction (4th ed.) section 51.02, p. 290.) . . ." (Estate of Hoertkorn (1979) 88 Cal.App.3d 461, 465-466; See also, e.g., Nadler v. California Veterans Board (1984) 152 Cal.App.3d 707, 715.)

Accordingly, this rule of construction dictates that section 31580.2 is to be construed in a manner similar to section 20202.5 This means that section 31580.2 is intended to encompass all direct and

---

[6]Section 20202.5 presently provides:

> "Costs of administration of the system shall be paid from funds appropriated for interest income from the Retirement Fund."

The 1971 amendment to section 20202.5 increased the maximum charge from one-tenth of one percent to thirteen one-hundredths of one percent. The 1979 amendment to section 31580.2 increased the maximum charge from one-tenth of one percent to eighteen one-hundredths of one percent.

indirect costs of administering and operating a county retirement system, including costs of required services
of county offices and departments, and additionally all direct and indirect costs whether controlled by the county board of retirement or not.

Furthermore we believe that the plain meaning of the phrase "the entire expense of administration of the retirement system" as used in section 31580.2 includes all the questioned expenses as administrative costs of managing or operating the retirement system. The act even provides, as if for emphasis, that the "entire" amount of the costs and expenses are to be included within the purview of section 31580.2. Statutes are to be applied according to their plain meaning unless to do so would produce absurd results or would defeat the manifest intention of the Legislature. (Brown v. Superior Court (1984) 37 Cal.3d 477, 485; California Highway Patrol v. Workers' Comp. Appeals Bd. (1986) 178 Cal.App.3d 1016, 1024.) We are aware of no reason, nor has any been suggested to us, that to accord section 31580.2 its plain meaning would be absurd or would defeat legislative intent.

It has, however, been suggested that expenses over which the county retirement board has no fiscal control should be excepted from the scope of section 31580.2. We find nothing in the language of the statute which would indicate an intent to create such an exception.

> "The general rule is that a court is not authorized in the construction of a statute, to create exceptions not specifically made. If the statute announces a general rule and makes no exceptions thereto, the courts can make none. . . ." (Stockton Theatres, Inc. v. Palermo (1956) 47 Cal.2d 469, 476.)

Furthermore, we would point out that lack of budgetary control does not necessarily mean lack of "fiscal" control. Proper management controls can, of course, control the level of services rendered to the retirement system by other county officers and departments. Accordingly, we reject the suggestion that the Legislature intended such an exception.

In summary, based upon the plain wording of section 31580.2 and its legislative history, we conclude that under the County Employees Retirement Law of 1937, when the retirement board has appointed its own staff, "the entire expense of administration of the retirement system" does include the services provided by other county officers and departments for the benefit of the retirement system. This conclusion comports with the purpose for the enactment of section 31580.2, that is, to transfer the costs of operating the county retirement system from the general tax revenues of the county to the earnings of the retirement fund. To conclude otherwise would defeat that purpose.

\* \* \* \*