[No. H002895. Sixth Dist. Oct. 19, 1988.]

SONIA VARGAS DELGADO, Plaintiff and Appellant, v.
Estate of ARMANDO PEREZ ESPINOZA, Deceased, Defendant and
Respondent.

COUNSEL

Ysidro R. Macias for Plaintiff and Appellant.

Mark G. Bonino, Lawrence M. Guslani, Stacey L. Pratt and Ropers, Majeski, Kohn, Bentley, Wagner & Kane for Defendant and Respondent.

OPINION

BRAUER, J.—The trial court granted defendant's motion for judgment on the pleadings on the ground that the complaint was barred by the one-year statute of limitations for a personal injury action. (Code Civ. Proc., § 340, subd. (3).) On appeal from the judgment of dismissal plaintiff contends that the applicable statute is Code of Civil Procedure section 353. That statute governs in cases of a defendant's death before the expiration of the statute of limitations. It provides that plaintiff has up to one year following the issuance of letters testamentary or of administration to bring suit against the decedent's representatives. We agree that section 353 takes precedence over section 340, subdivision (3) in this case. Accordingly we reverse the judgment of dismissal.

BACKGROUND

On August 3, 1983, plaintiff Sonia Vargas Delgado was injured in an automobile accident in Kern County while riding in a car driven by Armando Perez Espinoza. Espinoza was killed in the accident.

More than a year later, on August 24, 1984, Delgado filed a "Complaint for Personal Injuries" in Santa Cruz County, naming as defendants "Estate of Armando Perez Espinoza," the owners of the vehicle driven by Espinoza and the owner and operator of the other vehicle involved in the accident.

On September 4, 1984, in Kern County, Delgado filed a "Petition to Proceed Against Insurance," pursuant to a procedure authorized by Probate Code section 721. That section provides that a plaintiff may petition the court in the county of decedent's residence for leave to file an action against his estate, whether an estate is pending at the time or not. The petition must allege that the decedent was protected by liability insurance and that any recovery in the action will be limited to the insurance protection. If leave is granted, the action is to name the estate of decedent as defendant. Summons is to be served upon the insurer, or a designee, and any judgment in favor of plaintiff is enforceable only from the insurance policy

and not from any other estate assets. (Prob. Code, § 721, subds. (b) and (c).) By order dated September 10, 1984, Delgado's petition was granted.

No new action was filed; however, the Santa Cruz complaint was presumably served upon the insurer or its designee. In any event, an answer was filed by "Defendant Estate of Espinoza" on October 17, 1984, generally denying all the allegations of the complaint and asserting the one-year bar of Code of Civil Procedure section 340, subdivision (3). Nothing further occurred in this action until nearly two years later when Delgado moved to amend the complaint.

On or about May 30, 1986, a "Petition for Letters of Administration" in the estate of Armando Perez Espinoza was filed in Kern County. Letters were issued on July 21, 1986. Pursuant to the claims procedure rules contained in Probate Code section 700 et seq., Delgado filed a timely claim with the Kern County superior court on July 30, 1986. It was rejected by the administrator on August 4, 1986.

On October 10, 1986, Delgado moved to amend the complaint on file in Santa Cruz County to add allegations that letters had been issued in the Estate of Espinoza and that her claim had been filed and rejected. The motion was made on the ground that Code of Civil Procedure section 353 allows an action to be brought against the personal representative of the decedent until one year following the issuance of letters. The court denied Delgado's motion to amend, without stating its grounds, and imposed sanctions against Delgado under Code of Civil Procedure section 128.5.

Defendant Estate of Espinoza then moved for judgment on the pleadings on the basis that the original complaint was time-barred by the one-year statute of limitations in Code of Civil Procedure section 340, subdivision (3). This motion was granted February 2, 1987, and judgment of dismissal was entered February 24, 1987.

## Discussion

■■■ The propriety of the order denying Delgado leave to amend is reviewable on appeal from the judgment. (Code Civ. Proc., § 906.) If that ruling was an abuse of discretion, the judgment on the pleadings was obviously insupportable.

Since Espinoza died in the accident in which Delgado was injured, the applicable statute of limitations is Code of Civil Procedure section 353. That section provides limitations periods for filing an action against the

personal representative of the deceased tortfeasor and an action under Probate Code section 721 against the estate; i.e., against the insurance policy.

"If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration, or an action against the estate provided for by . . . Section 721 of the Probate Code may be commenced within one year after the expiration of the time otherwise limited for the commencement thereof."[1]

Applying the time frames provided in section 353 to our case, Delgado had until August 3, 1985, one year after the expiration of the one-year statute of limitations in Code of Civil Procedure section 340, subdivision (3), to commence an action against the estate under Probate Code section 721. Her petition filed September 4, 1984, was therefore timely and her complaint against the estate, filed August 24, 1984, was at worst premature. Furthermore, she had until July 21, 1987, one year after the issuance of letters, to commence her action against the decedent's representative. Her proposed amendment, dated October 10, 1986, was filed in ample time.

The estate makes two contentions in its respondent's brief: First, Delgado's election to proceed against insurance under Probate Code section 721 precludes an action against the representative under Code of Civil Procedure section 353; and second, Probate Code section 720, which provides for an extension of the four-month claims filing period in certain cases, operates to bar the action.

■ The first contention is clearly untenable since section 721 specifically provides that "[t]he remedies of this section are cumulative, and may be pursued concurrently with other remedies." (Prob. Code, § 721, subd. (f).) Thus a plaintiff may not be held to an election of remedies. (*Independent Bankers Trust Co.* v. *Superior Court* (1982) 138 Cal.App.3d 238, 242-243 [188 Cal.Rptr. 14]; *Neuland* v. *Russell* (1975) 50 Cal.App.3d 1 [123 Cal.Rptr. 230].)

■ The second issue raised by the estate reflects a misunderstanding of the purpose of Probate Code section 720.[2] That section applies only to time

---

[1] This version is contained in Statutes 1971, chapter 1638, section 1, pages 3532-3533. Section 353 was amended by Statutes 1987, chapter 923, section 1, pages 795-796, effective July 1, 1988.

[2] "If a claim for damages for injuries to, or death of, a person, for which no action specified in Section 709 was pending at the time of the decedent's death, is not filed within the time

limits for the probate claims procedure. In the usual case anyone having a claim against a decedent must present the claim to the administrator of the estate within four months of the issuance of letters. (Prob. Code, § 700.) Otherwise the claim is "barred forever" and plaintiff forfeits his right to sue. (Prob. Code, § 707.) In a case where a defendant dies after plaintiff's injuries occurred but before suit is filed, and plaintiff is unaware of the death, the situation could arise that the four months would run before the expiration of the one-year statute of limitations, thereby prematurely depriving plaintiff of his cause of action. Section 720 was intended to remedy this situation. (*Pitzer* v. *Smith* (1981) 123 Cal.App.3d 73, 78-79 [176 Cal.Rptr. 407].) It provides that where the cause of action arises prior to the date of death, but no lawsuit has been filed, a claimant need not be limited by the four-month filing period, but may file a claim with the estate at any time up to one year from the accrual of the cause of action. (*Estate of Hoertkorn* (1979) 88 Cal.App.3d 461, 464 [151 Cal.Rptr. 806].)

Section 720 does not come into play in our case since Delgado filed a timely claim upon the estate within the four-month period. Cases cited by respondent in which plaintiff failed to file in a timely manner are therefore not on point. (*Segovia* v. *Superior Court* (1976) 55 Cal.App.3d 464 [127 Cal.Rptr. 501]; *Estate of Hoertkorn, supra,* 88 Cal.App.3d 461.)

After a claim has been presented and rejected, the holder of the claim must "bring suit" in the proper court against the decedent's representative within three months after service of the notice of rejection. (Prob. Code, § 714.) If a complaint is already on file, a claimant may proceed by amendment rather than by filing a new action. (See, e.g. *Radar* v. *Rogers* (1957) 49 Cal.2d 243, 249-250 [317 P.2d 17].) Delgado's claim was rejected August 4, 1986. On October 10, 1986, within the three-month time, she moved to amend her complaint to include the pertinent allegations regarding issuance of letters and the filing and rejection of the claim.

 Since Delgado fully complied with the probate claims filing times, she had an absolute right under Code of Civil Procedure 353 to commence an action against Espinoza's representative within one year after issuance of letters testamentary, or to amend her complaint within that time to include such a cause of action. Therefore, it was an abuse of discretion to deny her motion for leave to amend.[3] And it follows that the subsequent order granting judgment on the pleadings must also fall.

---

otherwise limited by this article, the court, upon application of the claimant made not later than one year after accrual of the claimant's cause of action, and upon such notice and hearing, if any, as the court may order, shall permit the filing of the claim and, if required, appoint or reappoint a personal representative."

[3] The order denying leave to amend included impositions of sanctions against Delgado, presumably on the ground that the motion was frivolous. Obviously it was not frivolous.

We reverse the judgment with directions that the trial court vacate the order denying leave to amend and enter an order allowing the proposed amendment. Appellant is awarded costs on appeal.

Agliano, P. J., and Capaccioli, J., concurred.

---

Moreover, the order recited no reasons for sanctions, as is required by Code of Civil Procedure section 128.5.